Opinion by
Porter, J.,
Judgment was entered in the court below in favor of the plaintiff and against the defendants, by confession under a warrant of attorney contained in a note. Lucy E. Ely presented to the court her petition representing that at the time the note was signed she was a resident of Susquehanna county, Pennsylvania, that she signed the *198 note at her residence, that no part of the indebtedness was hers, that she received no consideration whatever for said note, and that she signed the same solely as surety for her husband, the said Charles H. Ely, her codefendant. She prayed the court that the judgment might be opened, as to her, and that she be let into a defense. The court thereupon granted a rule upon the plaintiff to show cause why the judgment should not be opened as to Lucy E. Ely. The plaintiff filed an answer to the rule alleging that the noté was signed jointly by the defendants and delivered to the plaintiff, at Binghamton, in the state of New York,' in part payment for the transfer of an interest in a partnership, engaged in the insurance and real estate business in that city; and that the contract was valid and binding upon Lucy E. Ely, as a married woman, under the laws; of the state of New York. The parties, respectively, took depositions, which were submitted upon the hearing of the rule. The court below opened the judgment, as to Lucy E. Ely, and from that order the plaintiff appeals.
. The note upon which judgment was entered is dated November 25, 1910, but it does not indicate where it was executed, nor where it was to be paid. The allegations of the petition and the answer, as well as the entire testimony, establish one fact upon which all the parties agree, viz.: Lucy E. Ely did sign this note as surety for her husband. The uncontradicted testimony of the appellee, which is corroborated by that of another witness, was that she signed the note, at the request of her husband, at her residence in Susquehanna county, Pennsylvania. She had never known or seen the plaintiff and had no negotiations with him. The appellant testified that he knew the appellee had signed this note as surety merely. These undisputed facts rendered the note invalid as to the wife, if the question was to be determined in accordance with the law of Pennsylvania.' There being nothing upon the face of the note to indicate where it was executed or where the contract was to be performed, the presumption would arise that this contract of suretyship on the *199 part of the wife was to be performed at the place where she entered into it, at her residence in Pennsylvania, in the absence of evidence of a contrary intention. The plaintiff sought to establish that this was a New York contract, and produced evidence tending to show that the note had actually been delivered to him by C. H. Ely, husband of the appellee, at Binghamton, in the state of New York. This evidence was to the effect that the plaintiff and C. H. Ely had been negotiating at Binghamton, for the sale by the former to the latter of an interest in a partnership, engaged in business as insurance and real estate agents. With these negotiations the appellee had no connection disclosed by the evidence. Parce and Ely agreed upon the price and terms of payment, which provided that Ely should give his note with his wife as surety for the amount of the note in question. The note was then prepared by an attorney and signed by Ely who must have taken it away, for it was not then signed by his wife. Ely subsequently took the note to Binghamton and delivered it to the plaintiff. The plaintiff admits that the wife, the appellee, was not present when the note was delivered. This is the sum of the evidence upon which the plaintiff relies to establish that this was a New York contract.
A promissory note, not made payable by express stipulation at any particular place, is payable at the place where it was made, in the absence of evidence indicating otherwise, and is, therefore, governed by the law of that place: Clark v. Searight, 135 Pa. 173. Delivery is essential to complete the execution of such a contract and the validity of the contract, in so far as the competency or incompetency, capacity or incapacity of the parties is concerned, is to be determined by the law of the place of such delivery: Baum v. Birchall, 150 Pa. 164; Peter Adams Paper Co. v. Cassard, 208 Pa. 267; Ludlow v. Bingham, 4 Dallas, 47; Union National Bank v. Chapman, 169 N. Y. 538. In order, however, to deprive a resident citizen of the protection of the laws of his own state and render his *200 contract subject to the laws of another state, it must appear, when he has actually signed the contract at his own residence, that he delivered or authorized it to be delivered outside of his own state. When a party signs a note as surety, with no other knowledge as to where it is to be delivered except as indicated by the note itself, and when the note does not upon its face indicate where the contract is to be performed, he or she is not called upon to assume that this contract of suretyship will be carried outside of the state and there delivered: Union National Bank v. Chapman, 169 N. Y. 538. When the appellee was requested by her husband to sign this note as his surety, there was nothing upon the face of the note to indicate that the contract was to be performed outside the state of Pennsylvania. There is no direct evidence that the appellee knew that the note was to be delivered outside of Pennsylvania, nor is there direct evidence that she authorized her husband to make such delivery. The utmost that can be said for the evidence of the plaintiff is that it tended to establish circumstances from which a jury might have been permitted to infer that the appellee had authorized her husband to deliver this note to the plaintiff in the state of New York; whether it was even sufficient to warrant such an inference it is not now necessary to decide. The evidence did not so clearly establish that the note was delivered, by the defendant or by her authority, in the state of New York as to warrant us in holding that the opening of the judgment involved an abuse of discretion by the court below.
The order of the court below is affirmed.
Judge Head, dissents.