557 A.2d 416

**Francis Gerald SANTILO and Esther Santilo,**

v.

**Lonny D. ROBINSON and David Kellerman.**

**Appeal of David KELLERMAN, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 25, 1989.

Filed April 12, 1989.

Charles W. Garbett, Ellwood City, for appellant.

Peter J. Pietrandrea, Ellwood City, for appellees.

Before CAVANAUGH, DEL SOLE and MONTGOMERY, JJ.

606

DEL SOLE, Judge:

Appellant files this appeal from an order granting summary judgment and denying his claim for counsel fees. We affirm.

After plaintiffs' (husband and wife's) vehicle was involved in a three car collision, they brought an action against the operators of the two other vehicles. Plaintiffs' complaint alleged that their vehicle was traveling south along a roadway and that defendant, Lonny D. Robinson's vehicle was traveling north on that same roadway. The Robinson vehicle was being followed by the Appellant's automobile. Plaintiffs' asserted that the Robinson vehicle crossed the center line colliding with their vehicle. They also alleged that a subsequent second collision, between Appellant's automobile and their vehicle, was caused by Appellant's negligence. Appellant responded by filing an Answer, New Matter and Counterclaim seeking an award of counsel fees on the basis that plaintiffs' suit against him was based upon arbitrary, vexatious and bad faith conduct. In addition to these pleadings various answers to interrogatories, admissions, and depositions were filed on the issues of liability.

A Motion for Summary Judgment was subsequently filed by Appellant asserting that the Answers Interrogatories and Depositions establish conclusively that he was not at fault, but rather that the collision was due to the negligence of the Plaintiff-husband. This motion was denied. Sometime later Plaintiffs executed a general release discharging Robinson from liability. A praecipe to discontinue the action against Appellant was also filed. When Appellant failed to discontinue his counterclaim for counsel fees plaintiffs filed a Motion for Summary Judgment averring that the record indicates that the commencement of this action was not arbitrary, vexatious or in bad faith. The trial court's order granting plaintiffs' Motion for Summary Judgment is the subject of this appeal.

■ The court may require a party to pay another participant's counsel fees if the party's conduct in commencing the action was "arbitrary, vexatious or in bad faith". 42 Pa.C.

S.A. § 2503; *Brenckle v. Arblaster*, 320 Pa.Super. 87, 466 A.2d 1075 (1983). The trial court concluded that the although plaintiffs' case was weak, there was no evidence of arbitrary, vexatious or bad faith conduct in bringing this action. In reaching this determination the court concluded that the pleadings, depositions, answers to interrogatories and admissions on file, show that there was no genuine issue of material fact. Pa.R.C.P. 1035(d). The court properly acknowledged that when a motion for summary judgment is made, the adverse party may not rest upon the mere allegations contained in the pleadings, but a response by affidavits or other evidence must set forth specific facts showing that there is a genuine issue for trial. 42 Pa.R. Civ.P. 1035. "A motion for summary judgment must be granted in favor of a moving party if the other party chooses to rest on its pleadings, unless a genuine issue of fact is made out in the moving party's evidence taken by itself." *Curry v. Estate of Thompson*, 332 Pa.Super. 364, 368, 481 A.2d 658, 660 (1984).

In supporting his claim for attorney fees Appellant relied upon the Plaintiffs' deposition, the deposition of the investigating officer and the accident report. We agree with the trial court that this evidence does not raise a genuine issue of material fact as to whether Plaintiff-husband believed he was the sole cause of the accident or whether plaintiffs intended to annoy Appellant by commencing the lawsuit. Although plaintiffs' claim against Appellant may not have been a strong one and while they may have not been able to prove their case of negligence, the record does not indicate that plaintiffs did not reasonably believe that their claim was valid under existing or developing law. 42 Pa.C.S.A. § 8352(1). In fact, it can be noted that the trial court refused to grant Appellant's motion for Summary Judgment on the liability issue.

Actions are not brought only where there is certain proof of liability and damages. Punishing all those who initiate actions which are not ultimately successful by granting the defendant's request for counsel fees would

608

have a chilling effect on right to bring a suit for negligence. This was not the intent of the rule permitting recovery of counsel fees upon a showing of arbitrary, vexatious or bad faith conduct. Finding no evidence in the record raising a genuine issue concerning plaintiffs' conduct in bringing this claim, we affirm the trial court's order.

Order affirmed.