618 A.2d 1014

**Robert E. DOOLEY d/b/a Redo Industries, Appellant,**

**v.**

**Mark H. RUBIN, Individually and for First Edition, Appellee (Two Cases).**

Superior Court of Pennsylvania.

Argued Oct. 1, 1992.

Filed Jan. 7, 1993.

---

60

Michael H. Van Buskirk, Philadelphia, for appellant.

Alvin Freiberg, Philadelphia, for appellee.

Before CAVANAUGH, MCEWEN and KELLY, JJ.

KELLY, Judge:

In this opinion, we are called upon to determine whether the trial court properly imposed Pennsylvania's six percent judgment interest rate on two judgments after their transferral for collection from Florida, whose judgment interest rate is twelve percent. Additionally, we are also called upon to determine whether the trial court properly rejected the appellant's request to recover the counsel fees he expended in defending against the appellee's motion to strike judgment because Florida's judgment interest rate was in excess of Pennsylvania's judgment interest rate. We reverse in part and affirm in part.

The relevant facts and procedural history are as follows. The appellant, Robert E. Dooley, filed two breach of contract actions against the appellee, Mark H. Rubin, individually and for First Edition, for unpaid rents pursuant to a commercial lease agreement. The appellant obtained judgments against the appellee in both cases.[1] The appellant subsequently transferred both Florida judgments to Pennsylvania for collection

---

1. On August 25, 1986, the County·Court of Broward County, Florida entered a default and final judgment against the appellee in case No. 86–07095 for $4,251.09.

 Additionally, on April 6, 1987, the Circuit Court of Broward County, Florida, in case No. 86–026215, entered a final judgment against the appellee in the amount of $11,434.50. The Circuit Court also, in case No. 86–26215, awarded the appellant an order taxing costs in the amount of $1,180.00.

under the Uniform Enforcement of Foreign Judgments Act, 42 Pa.C.S.A. § 4306, on December 30, 1987.

After the judgments were transferred, the appellee offered to pay the face amounts of both judgments plus the six percent Pennsylvania judgment interest rate,[2] in return for a general release of all claims and satisfaction of all judgments. The appellant rejected the appellee's offer, insisting that he was entitled to receive the twelve percent Florida judgment interest rate[3] on the transferred judgments.

The appellee then filed a "petition for relief from improper charges and to stay enforcement of and execution of the foreign judgments and to open and/or strike the judgments to the extent the judgments do not comply with Pennsylvania law and/or Rules of Court and/or exceed the monetary sums legally valid and collectible in Pennsylvania," (the petition). The appellant answered the petition, alleging that the Florida judgment interest rate was applicable on the transferred judgments and raised a new matter requesting counsel fees pursuant to 42 Pa.C.S.A. § 2503 to recover his cost for defending his transferred judgments.

Upon consideration of the appellee's petition and the appellant's answer and new matter, the trial court entered an order directing that the twelve percent Florida judgment interest rate was applicable only from the dates the judgments were entered in Florida until their transferral to Pennsylvania, after which the judgment interest rate must switch to the six

2. 41 P.S. § 202

**Legal rate of interest**

Reference in any law or document enacted or executed heretofore or hereafter to "legal rate of interest" and reference in any document to an obligation to pay a sum of money "with interest" without specification of the applicable rate shall be construed to refer to the rate of interest of six per cent per annum.

1974, Jan. 30, P.L. 13, No. 6, § 202, imd. effective.

3. Fla.Stat.Ann. § 55.03 (West 1991)

**55.03 Judgments; rate of interest, generally**

(1) A judgment or decree entered on or after October 1, 1981, shall bear interest at the rate of 12 percent a year unless the judgment or decree is rendered on a written contract or obligation providing for interest at a lesser rate, in which case the judgment or decree bears interest at the rate specified in such written contract or obligation.

percent rate permitted under Pennsylvania law. The order further directed that the appellant was entitled to recover the reasonable attorney's fees provided for under the commercial lease agreement that were contained in the transferred judgments. However, the trial court denied the appellant's request for counsel fees, pursuant to 42 Pa.C.S.A. § 2503, for defending the transferred judgments against the appellee's petition. This timely appeal followed.

On appeal, the appellant raises the following issues for our review:

1. DOES THE LEGAL RATE OF INTEREST OF THE ORIGINATING STATE, IN THIS CASE FLORIDA'S 12% RATE, GOVERN THE AMOUNT DUE UNDER JUDGMENTS OF PENNSYLVANIA TO WHICH THE FLORIDA JUDGMENTS WERE TRANSFERRED UNDER PENNSYLVANIA'S UNIFORM ENFORCEMENT OF FOREIGN JUDGMENTS ACT, SUPRA? OTHERWISE STATED, DOES FLORIDA'S 12% RATE APPLY, OR, AS THE COURT BELOW DETERMINED, DOES PENNSYLVANIA'S 6% RATE APPLY FROM THE TIME OF THE TRANSFER OF THE JUDGMENTS?

2. IF THE ANSWER TO THE PREVIOUS QUESTION IS THAT PENNSYLVANIA'S 6% RATE APPLIES FROM THE TIME OF THE TRANSFER OF THE JUDGMENT TO PENNSYLVANIA, DOES THIS MEAN THAT APPELLANT LOSES THE HIGHER INTEREST WHICH CONTINUES TO ACCUMULATE UNDER FLORIDA LAW? IF NOT, WHAT HAPPENS?

3. DID THE MOTION COURT ERR IN DISALLOWING ATTORNEYS FEES FOR THIS CURRENT MOTION WHERE THE LEASE—WHICH IS THE FOUNDATION OF THE CLAIM—PROVIDES FOR ATTORNEYS FEES FOR COLLECTION EFFORTS, AND WHERE IF APPELLANT DOES NOT ANSWER DEFENDANT'S MOTION, APPELLANT WOULD LOSE THE ATTORNEYS FEES ULTI-

MATELY CONFIRMED BY THE MOTION COURT'S ORDER, AND WOULD LOSE THE HIGHER RATE OF INTEREST, AND WOULD HAVE HIS CASE DISMISSED?

Appellant's Brief at 3.

In his first issue on appeal, the appellant contends that the trial court erred in holding that as a matter of law, the Pennsylvania's six percent judgment interest must be applied to all judgments transferred here from sister states. The appellant argues that under the principle of Full Faith and Credit, he is entitled to the enforcement of his transferred judgment at the rate of interest applicable in the state where the judgments were originally rendered. Therefore, the appellant asserts that the trial court should have applied Florida's twelve percent judgment interest rate to the transferred judgment.

It is well settled that under the Full Faith and Credit Clause of the United States Constitution, a judgment rendered by a sister state in which the sister state had jurisdiction over both the subject matter and parties, is entitled to the same faith and credit, validity and effect in Pennsylvania as the judgment has in the rendering sister state. *United Carolina Bank v. Martocci*, 416 Pa.Super. 16, 610 A.2d 484 (1992). The validity and effect of a judgment for the payment of money is determined by the law of the state where the judgment was rendered and, if valid and enforceable there, is equally so in all other states. *Everson v. Everson*, 494 Pa. 348, 431 A.2d 889 (1981).

The issue of whether the judgment interest rate of the rendering state or the judgment interest rate of the enforcing state is applicable to a transferred judgment has not been recently addressed by our Courts. "The Uniform Enforcement of Foreign Judgment Acts," 42 Pa.C.S.A. § 4306, is also silent as to this issue. However, prior to our adoption of the 42 Pa.C.S.A. § 4306, this Court faced the same issue now before us in *Ratterree v. Schonhardt*, 105 Pa.Super. 321, 161 A. 461 (1932). In *Ratterree*, this Court applied Pennsylvania's

long standing rule that interest is payable "according to the law of the place where the contract is made unless payment is to be made elsewhere," *Ratterree v. Schonhardt, supra* at 325–26, 161 A. at 462, *citing Clark v. Searight,* 135 Pa. 173, 19 A. 941 (1890); *Campbell v. Hunt,* 60 Pa.Super. 332 (1915); *Parce v. Ely,* 51 Pa.Super. 196 (1912), to foreign judgments transferred to Pennsylvania for enforcement. Using this rule, the Court held that Arkansas' ten percent judgment interest rate, and not Pennsylvania's six percent judgment interest rate, was applicable to a judgment that was transferred to Pennsylvania from Arkansas for enforcement. *Id. See also* 11 Pa.Std.Prac. § 69.11. *Cf. Buswell v. Buswell,* 377 Pa. 487, 105 A.2d 608 (1954) (Illinois judgment interest rate of five percent, rather than Pennsylvania's six percent judgment interest rate, applied to arrearages pursuant to an Illinois divorce decree enforced here). Accordingly, we find that the trial court erred in ruling that upon transfer of the Florida judgments to Pennsylvania, the judgment interest rate automatically switched from Florida's twelve percent rate to Pennsylvania's six percent rate. Thus, in order for the transferred judgments to be fully satisfied, the appellee is required to pay the face amount of each judgment, plus Florida's twelve percent judgment interest rate from the date of each transferred judgment's entry in Florida.[4]

The final issue raised by the appellant is whether the trial court improperly failed to grant his request for counsel fees pursuant to 42 Pa.C.S.A. § 2503(9)[5] which he raised in his answer and new matter to the appellee's petition.[6] The

4. Due to our disposition of the appellant's first issue on appeal, we need not address the second issue raised in this appeal.

5. 42 Pa.C.S.A. § 2503(9).
 The following participants shall be entitled to a reasonable counsel as part of the taxable costs of the matter:
 Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

6. We note that generally an appeal does not lie from an order refusing counsel fees. *Hall v. Lee,* 285 Pa.Super. 542, 428 A.2d 178 (1981); *Rutherford v. Rutherford,* 152 Pa.Super. 517, 32 A.2d 921 (1943). However, because the denial of counsel fees is incorporated in an order

appellant contends that the trial court's order only rejected his claim for counsel fees on the grounds of vexatiousness or bad faith. The appellant argues that the trial court's order did intend to allow him to recover the counsel fees he expended defending his transferred judgment against the appellee's petition pursuant to the collection clause contained in the original commercial lease agreement. We disagree.

The trial court may, upon motion, require a party to pay another participant's counsel fees if the party's conduct in commencing the action was arbitrary, vexatious or in bad faith. *Santillo v. Robinson*, 383 Pa.Super. 604, 557 A.2d 416 (1989); *Brenckle v. Arblaster*, 320 Pa.Super. 87, 466 A.2d 1075 (1983); 42 Pa.C.S.A. § 2503. However, the intent of the rule permitting the recovery of counsel fees is not to punish all of those who initiate actions which ultimately fail, as such a course of action would have a chilling effect upon the right to raise a claim. *Santillo v. Robinson, supra.* Rather, the aim of the rule is to sanction those who knowingly raise, in bad faith, frivolous claims which have no reasonable possibility of success, for the purpose of harassing, obstructing or delaying the opposing party. *See Brenckle v. Arblaster, supra.* Upon review, the denial of a request for counsel fees is a matter within the sound discretion of the trial court and will be reversed on appeal only when there is a clear abuse of that discretion. *Szillery v. Wheaton*, 382 Pa.Super. 394, 555 A.2d 237 (1989); *American Mut. Liability Ins. v. Zion and Klein*, 339 Pa.Super. 475, 489 A.2d 259 (1985).

Instantly, the trial court's order clearly denied the appellant's request for counsel fees expended in defending his transferred judgments against the appellee's petition pursuant to 42 Pa.C.S.A. § 2503, while permitting the appellant to retain the counsel fees which were included in the transferred judgments. Our review of the appellant's answer and new matter to the appellee's petition reveals that the appellant only requested counsel fees pursuant to 42 Pa.C.S.A. § 2503

terminating the underlying litigation the issue is appealable. *See Santillo v. Robinson*, 383 Pa.Super. 604, 557 A.2d 416 (1989); *Szillery v. Wheaton*, 382 Pa.Super. 394, 555 A.2d 237 (1989).

and did not additionally allege that he was also entitled to counsel fees under the collection clause of the original commercial lease agreement.

Moreover, the record indicates that the denial of counsel fees under 42 Pa.C.S.A. § 2503 was proper because the appellee did not bring his petition in bad faith for the purposes of obstructing or delaying the enforcement of the appellant's transferred judgments. In fact, the appellee had offered in good faith to pay the face amounts of both judgments, plus Pennsylvania's six percent judgment interest rate in exchange for a general release of all claims and satisfaction of all judgments. Only after this settlement offer was rejected by the appellant did the appellee bring his petition alleging that enforcement of Florida's twelve percent judgment interest rate on the transferred judgments would be contrary to Pennsylvania law. Additionally, the appellee raised a highly credible claim concerning the applicable interest rate on a transferred judgment. This issue had not been addressed by our courts in many years and neither party relied in their briefs upon Pennsylvania case law in support of their respective positions. Thus, we are unable to say that the trial court in any way abused its discretion in denying the appellant's request for counsel fees pursuant to 42 Pa.C.S.A. § 2503.

Based upon the foregoing, the portion of the trial court's order directing that Pennsylvania's six percent judgment interest rate be applicable from the dates of the transferred judgments entry in Pennsylvania is reversed. However, the portion of the trial court's order denying the appellant's request for counsel fees expended in defending his transferred judgments from the appellee's petition is affirmed. The case is remanded for calculation of judgment interest at Florida's twelve percent judgment interest rate. Jurisdiction is relinquished.

Order reversed in part; affirmed in part. Jurisdiction relinquished.