682 A.2d 295

Janice Lee THUNBERG

v.

Howard STRAUSE, Diana Gazey, Administratrix of the Estate
of John P. Gazey, Deceased, and Commonwealth of
Pennsylvania, Department of Transportation.

ESTATE OF John P. GAZEY, by Diana GAZEY,
Individually and as Administratrix of the
Estate of John P. Gazey, Deceased,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF
TRANSPORTATION, Janice Lee Thunberg, Howard
Strause and Michael Albert Simaska.

Appeal of Diana GAZEY, Administratrix of
the Estate of John P. Gazey, Deceased.

Supreme Court of Pennsylvania.

Argued Dec. 8, 1994.

Decided Sept. 17, 1996.

608

610

Christopher S. Underhill, Lancaster, for Gazey.

Stephen L. Banko, Jr., Harrisburg, Jon C. Lyons, Lancaster, for J. Thunberg.

Before FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION OF THE COURT

CASTILLE, Justice.

The two related issues presented in this case are: (1) whether the trial court abused its discretion when it awarded reasonable counsel fees and costs against appellee Thunberg for filing a negligence action against the estate of the person killed by Thunberg's automobile while it sped uncontrollably in a westward direction in the eastbound lanes of a four-lane highway and (2) whether additional counsel fees and costs may be awarded for the appellate litigation of the trial court's granting of fees against appellee. For the reasons set forth below, we find that the trial court's award was amply supported by the evidence and, on that basis, we reverse the order of the Superior Court and reinstate the order of the Lancaster County Court of Common Pleas awarding counsel fees and costs incurred by appellant Gazey in Gazey's defense of the original matter. This Court also finds that appellant is

entitled to reasonable attorneys' fees and costs which she incurred in connection with the appellate litigation of this baseless negligence action. Accordingly, the matter is remanded to the Lancaster County Court of Common Pleas to determine reasonable counsel fees and costs to be awarded to appellant.[1]

A summary of the evidence giving rise to the instant dispute is that on June 28, 1988, appellee Janice Thunberg was traveling in the left-hand lane of the westbound lanes of a four-lane divided highway. A car driven by one Howard Strause was also traveling west, but in the right-hand lane. As Thunberg approached, the Strause vehicle allegedly crossed the center line into Thunberg's lane of travel. Thunberg violently swerved to the left and lost control of her vehicle. As a result of Thunberg's loss of control over her vehicle, her car skidded across the low medial strip separating westbound traffic from eastbound traffic and entered the eastbound lanes of the highway facing oncoming traffic. There, she crossed the eastbound left-hand lane and entered the eastbound right-hand lane. While driving into oncoming traffic, Thunberg's car struck John Gazey's vehicle head-on, killing him and injuring her.

On June 27, 1990, precisely two years after the accident, Thunberg commenced the underlying action by filing praecipes to issue writs of summons against Diana Gazey, as administratrix of John Gazey's estate, and co-defendants Howard Strause and the Commonwealth of Pennsylvania, Department of Transportation. Pa. R. Civ. P. 1007(1). Thunberg thereafter filed a complaint against all defendants, alleging in pertinent part against appellant Gazey that her injuries were caused by the decedent's negligent operation of his car. In summary, Thunberg's complaint alleged that Mr. Gazey failed to exercise due care in the operation of his vehicle by, *inter alia*, failing to maneuver his car in such a manner as to avoid

---

1.  Gazey's prayer for relief, found at the conclusion of her brief to this Court, also requests that she be reimbursed for any costs she incurs in trying to collect the attorney fees that the trial court awarded her. However, because any such costs are speculative at this time, this issue is not yet ripe and, accordingly, will not be addressed herein.

hitting Thunberg's out-of-control vehicle when it crossed the medial divider and drove directly into oncoming traffic.[2]

On August 15, 1991, Gazey filed a request for admissions upon Thunberg, which Thunberg failed to timely answer. On October 8, 1991, Gazey moved for summary judgment and three days later Thunberg filed a motion to allow withdrawal or amendment of the admissions, accompanied by answers to the request for admissions with a rule to show cause upon Gazey requesting she demonstrate why Thunberg should not be permitted to file the answers. The Lancaster County Court of Common Pleas denied Thunberg's request to withdraw or amend her admissions, and noted that because she failed to file a brief in opposition to Gazey's summary judgment motion, Thunberg was deemed not to oppose the motion. After reconsideration, Gazey's motion for summary judgment was finally granted and Gazey was ultimately dismissed as a defendant in Thunberg's negligence suit.

2. Specifically, Thunberg alleged in her complaint the following:

31. At the date, time and place alleged, Defendant Gazey, while operating his vehicle in an easterly direction on Route 30 in the right hand lane as alleged above, did so in a negligent, careless and reckless manner causing the collision with the Thunberg vehicle and the resulting injuries and damages to the plaintiff, Thunberg.

32. The negligence, carelessness and recklessness of Defendant Gazey consisted of:

(a) failure to exercise due care on a heavily travelled highway;

(b) failure to operate said vehicle at a normal and reasonable rate of speed under the circumstances;

(c) failure to operate his vehcile [sic] in such a way as to be able to maintain control of it under the circumstances;

(d) failure to operate said vehicle in such a manner which would permit him to bring it to a safe stop within the assured clear distance ahead;

(e) failure to keep a proper and careful lookout of traffic conditions ahead on a heavily travelled highway;

(f) failure to maneuver his car to avoid the Thunberg vehicle when it crossed the medial divider into the eastbound lanes of Route 30;

(g) failure to take proper care in the operation of his vehicle upon the highway by using a car telephone while operating his vehicle at highway speeds amid traffic on a heavily travelled highway;

(h) operating his vehicle at an excessive rate of speed.

33. As a result of the negligence, carelessness and recklessness of Defendant Gazey, Thunberg suffered severe and permanent injuries, pain and emotional anxiety as alleged above.

On March 24, 1992, Gazey filed a petition for an award of counsel fees on the basis that Thunberg's suit against John Gazey's estate was outrageous and completely without any basis in law or in fact. At the hearing, Thunberg's attorney testified that prior to filing an action against Mr. Gazey's estate he (1) had not interviewed any of the witnesses identified in the police accident report; (2) had not hired an accident reconstruction expert to determine whether the decedent was driving in an unsafe manner; (3) had not calculated the closing speed of the two vehicles; (4) had made no attempt to ascertain whether Gazey had an opportunity to see and avoid the accident; and (5) had not confirmed whether Mr. Gazey was using his car's telephone directly before or during the accident.[3]

Based on Thunberg's attorney's testimony and other evidence and pleadings, the trial court expressly found that Thunberg's claim against Gazey was unreasonable and without foundation and granted Gazey's petition for counsel fees in the amount of $6,923.64; the trial court, however, denied Gazey's petition for fees for the litigation to collect those fees. On appeal, the Superior Court reversed and vacated the trial court's order finding that the record was devoid of evidence upon which the trial court could have found that Thunberg instituted her action against Gazey in bad faith. The Superior Court further determined that the evidence showed that Thunberg reasonably believed that her claim against Gazey was valid and that this fact prevented the assessment of any counsel fees and costs against Thunberg. This appeal followed.

I. *Award of Fees and Costs for Initiation of Baseless Action*

■ Appellate review of a trial court's order awarding attorney's fees to a litigant is limited solely to determining whether the trial court palpably abused its discretion in

---

**3.** Thunberg's apparent theory of negligence is that Mr. Gazey had been using his car phone and that had he not done so, he would have been able to see her onrushing vehicle and would have been able to avoid the resulting collision as he travelled lawfully on a public highway.

making a fee award. *In re Estate of Liscio,* 432 Pa.Super. 440, 444, 638 A.2d 1019, 1021 (1994), *appeal denied,* 539 Pa. 679, 652 A.2d 1324 (1994). If the record supports a trial court's finding of fact that a litigant violated the conduct provisions of the relevant statute providing for the award of attorney's fees, such award should not be disturbed on appeal. *Id.* The Superior Court wholly abandoned this deferential standard of review when it reviewed the trial court's order.

The statutory provision at 42 Pa.C.S. § 2503(9) expressly permits a trial court to award reasonable counsel fees to a litigant when, *inter alia,* that litigant's opponent initiated the action arbitrarily, vexatiously *or* in bad faith. *Accord id.* An opponent's conduct has been deemed to be "arbitrary" within the meaning of the statute if such conduct is based on random or convenient selection or choice rather than on reason or nature. *Bucks County Board of Supervisors v. Gonzales,* 158 Pa. Commw. 664, 670–71, 632 A.2d 1353, 1356 (1993), *appeal denied,* 538 Pa. 618, 645 A.2d 1321 (1994). *Accord Black's Law Dictionary* 104 (6th ed., reprinted 1993). An opponent also can be deemed to have brought suit "vexatiously" if he filed the suit without sufficient grounds in either law or in fact and if the suit served the sole purpose of causing annoyance. *Id.*; *Black's Law Dictionary, supra,* at 1565. Finally, an opponent can be charged with filing a lawsuit in "bad faith" if he filed the suit for purposes of fraud, dishonesty, or corruption. *Frick v. McClelland,* 384 Pa. 597, 600, 122 A.2d 43, 45 (1956) (*quoting McNair's Petition,* 324 Pa. 48, 187 A. 498 (1936)); *Bucks County Board of Supervisors, supra,* 158 Pa. Commw. at 670–71, 632 A.2d at 1356; *Black's Law Dictionary, supra,* at 139.

By imposing these strict definitional guidelines, the statute serves not to punish all those who initiate legal actions which are not ultimately successful or which may seek to develop novel theories in the law. Such a rule would have an unnecessarily chilling effect on the right to bring suit for real legal harms suffered. *Dooley v. Rubin,* 422 Pa.Super. 57, 64, 618 A.2d 1014, 1018 (1993) (citation omitted). Rather, the

statute focuses attention on the conduct of the party from whom attorney's fees are sought and on the relative merits of that party's claims. *See, e.g., Bykowski v. Chesed, Co.,* 425 Pa.Super. 595, 600, 625 A.2d 1256, 1259 (1993) (counsel fees appropriate where counsel for alleged slip-and-fall victims received seven requests for dismissal from purported owners of property and responded to none of them, and counsel failed to respond to purported owners' motion for judgment on the pleadings); *J.H. France Refractories Co. v. Allstate Insurance Co.,* 534 Pa. 29, 44, 626 A.2d 502, 510 (1993) (no counsel fees awarded against insurers in contesting their obligations to defend and indemnify when excessive pluralism and disparity existed in the decisions of the many courts which have entertained similar litigation). The Judicial Code permits the award of attorneys' fees in an attempt to curb the filing of frivolous and otherwise improperly brought lawsuits. *See also* 42 Pa.C.S. § 8351 (Wrongful Use of Civil Proceedings lies where a civil action is brought without probable cause); 42 Pa.C.S. § 8352 (a person lacks probable cause if he does not reasonably believe that certain facts exist or that the claim is valid based upon those facts); 42 Pa.C.S. § 8353 (damages for wrongful use of civil proceeding may include, but are not limited to, any specific pecuniary loss that has resulted from the proceeding and the expense that a party has reasonably incurred in defending against the proceeding).[4]

Here, Thunberg sued Gazey's estate in negligence to recover for the injuries she herself sustained as a result of *her* losing control of *her own* car, which then crossed the highway median, traveled into two lanes of oncoming traffic, and collided head-on with the decedent Gazey's car, thereby killing the decedent. In order to bring her negligence action in good

---

**4.** We remind attorneys that under the Rules of Professional Conduct: "A lawyer shall not bring ... a proceeding, or assert ... an issue therein, unless there is a basis for doing so that is not frivolous...." Rule 3.1 of the Rules of Professional Conduct. *See also* Comment to Rule 3.1 ("The advocate has a duty ... not to abuse legal procedure.... The action is frivolous ... if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law.")

faith, Thunberg would have had to possess sufficient facts at the time of her filing of the complaint which a reasonable person would believe demonstrated: (1) that the decedent had a legal duty or obligation to Thunberg; (2) that the decedent failed to conform to that duty; (3) that a causal connection existed between the decedent's conduct and the resulting injury; and (4) that the plaintiff suffered actual loss or damage. *See, e.g., Morena v. South Hills Health System*, 501 Pa. 634, 642 n. 5, 462 A.2d 680, 684 n. 5 (1983) (setting forth elements of a negligence action) (citation omitted).

At the hearing on the motion for counsel fees, Thunberg's attorney readily admitted that he had undertaken virtually no investigation other than to speak to Thunberg and review the police accident report to substantiate these allegations. Thunberg herself admitted in response to Gazey's requests for admissions that: [5]

(1) Mr. Gazey was in his proper lane of travel;

(2) Mr. Gazey was traveling at or below the speed limit;

(3) Mr. Gazey had his vehicle under control;

(4) Mr. Gazey was not using his car phone at the time of the accident;

(5) Mr. Gazey was maintaining a careful lookout;

(6) Mr. Gazey could not avoid the accident;

---

5. By failing to timely answer Gazey's request for admissions, Thunberg admitted the averments set forth therein. Pa. R.Civ.P. 4014(b), (d) (each matter of which an admission is requested is considered admitted unless, within thirty days after service of the request, the party to whom the request is directed served upon the party requesting the admission a verified answer or objection; any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission). *See also Richard T. Byrnes Co. v. Buss Automation, Inc.*, 415 Pa.Super. 549, 563–564, 609 A.2d 1360, 1367 (1992) (breach of contract defendant was properly held liable to plaintiff based on defendant's failure to respond to request for admission of liability; absent an answer or objection to a request for admission, facts contained in the request were deemed admitted and conclusive). Significantly, Thunberg does not challenge the trial court's ruling denying her motion to withdraw her admissions or to amend her admissions. Hence, the averments contained in the request for admissions must be deemed as admissions of Thunberg.

(7)  Thunberg had no facts to prove that Gazey caused the accident;

(8)  Thunberg had no facts to prove that Gazey was negligent;

(9)  Mr. Gazey was operating with due care;

(10) Mr. Gazey was not negligent;  and

(11) Mr. Gazey was not liable for Thunberg's injuries.

These admissions, which are binding on Thunberg, coupled with her attorney's testimony that he had undertaken virtually no pre-filing investigation of the accident which would support the theory of negligent *avoidance* of an accident, clearly demonstrate that there was no reasonable basis upon which Thunberg could bring a negligence action against Gazey's estate for Thunberg's injuries.[6]  The lawsuit Thunberg initiated was therefore without sufficient support in either law or in fact.   In short, Thunberg's allegations in her complaint were wholly unsubstantiated.

**6.**  Even had Thunberg been allowed to withdraw these admissions and file an amended answer to the request for admissions, the record reflects that the proposed amended answer essentially did nothing more than admit that Thunberg had "no present reason to believe" that the statements set forth in paragraphs one through nine of the requests for admissions were not true.   In view of these admissions, we believe that there existed sufficient evidence of record for the trial court to find that the lawsuit against Gazey's estate had no supportable basis in law or in fact given Thunberg's attorney's failure to conduct any substantive preliminary investigation into the matter before filing suit.   *See* Pa. R.Civ.P. 1023 (every pleading of a party represented by an attorney shall be signed by that attorney, thereby signifying that to the best of his knowledge there is good ground to support the pleading).   While this Court by no means imposes upon an attorney or party the obligation to conduct such a thorough investigation that discovery is not needed, an attorney or party is obliged to conduct at a minimum a reasonable preliminary investigation to ensure that there are sufficient facts, which, if believed, would warrant the filing of a specific claim against a particular party.   Given the circumstances of this case, the trial court did not abuse its discretion in finding that Thunberg failed to meet even the minimal investigative threshold before filing such an action against the decedent's estate and naming his aggrieved widow therein, especially in light of the fact that the writ of summons was filed one day before the lapse of the two-year statute of limitations for personal injury actions.

█ It was no doubt for these reasons that the trial court expressly stated that, based on the evidence, "I don't have any problem with viewing the claim by Thunberg against the estate of Gazey as falling within the parameters of a bad-faith claim.... [U]nder the facts of this case as I view them, I don't think there was a viable claim against the estate of Gazey and I will award counsel fees to the estate of Gazey against Janice Thunberg." N.T. 8/25/92 at 10. By definition, where there is no basis in law or fact for the commencement of an action, the action is arbitrary.[7] *Board of Supervisors, supra,* 158 Pa. Commw. at 670–71, 632 A.2d at 1356. Accordingly, we find that the trial court did not palpably abuse its discretion in awarding Gazey $6,923.64 pursuant to 42 Pa.C.S. § 2503(9). We, therefore, reverse the Superior Court's order vacating the trial court's award of counsel fees to Gazey.

## II. *Award of Fees and Cost for Appellate Litigation*

We must next consider whether Gazey is entitled to an award of counsel fees, costs and damages under Pa. R.A.P. 2744 for Thunberg's initiation of appellate litigation in connection with the trial court's award of attorney fees for her baseless negligence action. The Superior Court declined to reach this issue because it found that Gazey was not entitled to counsel fees in the first instance *for her defense of Thunberg's negligence suit.* However, because we find that the trial court *did not* abuse its discretion in finding that Thunberg's suit against Gazey *was* wholly unreasonable and without any foundation in law or in fact, we now turn to the issue of whether Thunberg's appeal to the Superior Court of the trial court's ruling, and Gazey's ensuing appeal of the Superior Court's ruling to this Court justifies further award of attorneys' fees and costs.

█ Under Pa. R.A.P. 2744, an appellate court may award counsel fees and other damages when it determines that "an

---

7. Because 42 Pa.C.S. § 2503(9) reads in the disjunctive, the trial court needed only to find that one of the factors was present, *i.e.* that the action was initiated arbitrarily. Since we believe the action was commenced arbitrarily, we need not address whether Thunberg's initiation of the action was vexatious or in bad faith.

appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." *Accord Smith v. Commonwealth, Pennsylvania Board of Probation and Parole,* 524 Pa. 500, 506–511, 574 A.2d 558, 562–564 (1990). An appeal is "frivolous" if the appellate court determines that the appeal lacks any basis in law or in fact. *Id.* (*citing McCoy v. Court of Appeals, Dist. 1,* 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988)).

Here, the record reflects that the trial court had ample evidence, which included Thunberg's and her counsel's admissions, upon which to conclude that Thunberg's negligence action was brought without any legitimate basis in law or in fact. The trial court thus had ample grounds upon which to award counsel fees and costs for the commencement of such an arbitrary action. *See* Rule 3.1 of the Rules of Professional Conduct, *supra.* Thunberg's appeal to the Superior Court merely argued that there was no evidence of record that demonstrated that Thunberg had brought the action with a bad motive or in any improper way. However, these arguments ignore the "arbitrary" factor upon which the trial court awarded the fees, and instead focus upon the "vexatious" and "bad faith" factors of 42 Pa.C.S. § 2503(9). There was no attempt by Thunberg to explain why preliminary investigations of the allegations contained in the complaint were not made. Rather, the only argument provided by Thunberg is that her counsel thought she should name Gazey as a defendant in order to protect his client's interests. This reason, however, fails to provide a sufficient basis for bringing an action against a party. Plaintiffs should only bring actions against another party where they have a reasonable basis to believe that the allegations contained in the complaint are true. The filing of a complaint merely to protect a client's possible claim against a party without any regard for the truth of the matters asserted therein may give rise to an award of attorney's fees where such allegations are later proven to have been made without a reasonable investigation or inquiry by the filing party. Here, given Thunberg's lack of a legal or

factual basis for her negligence action, and the rigid standard of review to which an appellate court is bound in these cases, we find that Thunberg's appeal of the trial court's ruling was frivolous, taken solely for delay and that her conduct was dilatory. Accordingly, we find that Gazey is entitled to reasonable counsel fees, costs and damages under Pa. R.A.P. 2744 for the appellate litigation of this matter before the Superior Court.[8]

■■■ With respect to whether Gazey is entitled to counsel fees, costs and damages incurred as a result of her appeal of the Superior Court's adverse ruling to this Court, we similarly find that she is entitled to an award under Pa. R.A.P. 2744. To hold otherwise would act to discourage a party from appealing an erroneous ruling of an appellate court and in essence enable the party against whom counsel fees are sought because of a baseless action to reap a windfall for the opposing party's pursuit of its otherwise valid claim to counsel fees and damages incurred because of such baseless action.

For the foregoing reasons, the order of the Superior Court is reversed and the order of the Lancaster County Court of Common Pleas is reinstated. Further, the matter is remanded to the Lancaster County Court of Common Pleas to determine the amount of reasonable counsel fees for Gazey's appellate litigation of this matter in accordance with this opinion and with Pa. R.A.P. 2744.

NIX, Former C.J., did not participate in the consideration or decision of this case.

PAPADAKOS and MONTEMURO, JJ., who were sitting by designation, did not participate in the decision of this case.

---

8. We are cognizant of the fact that the Superior Court found merit to Thunberg's appeal of the trial court's fee award. However, because we expressly found wholly untenable and patently unreasonable the Superior Court's consideration of the instant facts within the context of the relevant principles of law, our award to Gazey for fees related to the appellate litigation of this matter is reasonable and in accordance with the law.

622

CAPPY, Justice, dissenting

42 Pa.C.S.A. § 2503(9) provides that:

> The following parties shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
>
> . . . .
>
> (9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

Although the majority notes that there are strict definitional guidelines which limit the types of behavior that may be characterized as arbitrary, I cannot agree with the majority that here there was sufficient evidence to support a finding that Appellee's naming of Appellant as a defendant in this suit was "arbitrary", *i.e.,* based upon random or convenient selection or choice rather than on reason or nature.

The majority opinion errs in its conclusion that the evidence is sufficient to support the award of counsel fees. Sufficient evidence has been described as evidence which serves to "convince a reasonable mind to a fair degree of certainty . . . ., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pa. Labor Rel. Bd. v. Kaufmann Dept. Stores,* 345 Pa. 398, 400, 29 A.2d 90, 92 (1942). The only evidence of record to which the majority points as supporting the award of attorney's fees is: 1) the deemed admissions of Thunberg, and 2) the alleged failure of Thunberg's attorney to conduct a thorough pre-complaint investigation. However, I believe neither of these could convince a reasonable mind or support a finding that Thunberg or her attorney acted arbitrarily within the meaning of the statute.

The majority's reasoning with regards to the deemed admissions is simply erroneous. The majority correctly notes that in order for Thunberg to bring her "negligence action in good faith, Thunberg would have had to possess sufficient facts **at the time of her filing of the complaint** which a reasonable person would believe demonstrated" the elements of a cause of action. Majority op. at 616–617 (emphasis added). The ma-

jority then goes on to reason that because at some point **after** the initiation of this suit, Thunberg was deemed to admit certain facts by her failure to timely answer Requests for Admissions, she therefore could not have reasonably believed in the non-existence of these subsequently deemed "facts" **at the time she initiated this suit.** This simply defies logic and reason. A determination that Thunberg initiated this suit arbitrarily must be judged by the information which was reasonably available at the time of the initiation of the suit and not by retroactively applying "facts" subsequently deemed to be found by operation of law. The majority's use of these deemed "facts" does a disservice to the law in that it exalts form over substance.

Moreover, the logical extension of the Majority's reasoning is to conclude that whenever a factfinder finds all or nearly all the facts adverse to the plaintiff, then an award of counsel fees would be warranted. This clearly is contrary to the intent of 42 Pa.C.S.A. § 2503(9). The majority acknowledges that the statute "serves not to punish all those who initiate legal actions which are not ultimately successful...." Majority op. at 615. Despite the majority's acknowledgement, its reasoning serves only to punish those whose suits are ultimately unsuccessful.

Because the deemed "facts" cannot logically be used to support a finding that in initiating this suit, Thunberg acted arbitrarily, the majority is left with only the alleged inadequate pre-complaint investigation of Thunberg's attorney to support the award of counsel fees.

First, the majority fails to state why the attorney's interview with Thunberg and his obtaining of the police report and reliance thereon (*see* Transcript of hearing on the Petition for counsel fees, 8/25/92, p. 21) amounts to an inadequate pre-complaint investigation. What more would the majority have an attorney do pre-complaint? Even assuming that the attorney failed to conduct an adequate pre-complaint investigation, the majority fails to analyze why such an alleged failure amounts to "arbitrary" conduct within the meaning of the statute.

I do not believe that the conduct of Thunberg's attorney in the pre-complaint investigation and/or in including Gazey in the suit was "arbitrary." Arbitrary conduct in this context means conduct which is based on random or convenient selection or choice rather than on reason or nature. Majority op. at 614–617. The attorney's reliance upon the police report and Thunberg's statements in initiating the suit does not appear to be based upon random selection or choice. That the attorney might have employed an accident reconstruction expert or interviewed witnesses other than Thunberg, etc., surely does not render his reliance upon the police report and his interview with Thunberg "random". Additionally, in light of the allegation contained in the Thunberg complaint that Gazey could have avoided the accident, and the fact that it was the collision between Gazey's car and Thunberg's car which caused Thunberg's injuries, it does not appear that naming Gazey was based upon random or convenient selection rather than on reason. Thus, an award of counsel fees cannot be justified upon the ground that the attorney's behavior was "arbitrary."

Given the Majority's utter failure to point to any evidence of record which supports the conclusion that either Thunberg or her attorney acted arbitrarily in initiating this suit, I am constrained to agree with the Superior Court's opinion in this case:

[i]t is clear from the pleadings, letters between respective counsel, and between Thunberg's counsel and Gazey's insurance carrier, answers to request for admissions, and testimony adduced at the August 25, 1992 hearing, that Thunberg reasonably believed that her claim against Gazey was valid. The fact that her claim may have been weak, and was subsequently dismissed by an action for summary judgement, does not necessarily equate Thunberg's conduct of instituting the action with conduct which is arbitrary, vexatious, or in bad faith. The trial court awarded counsel fees and costs on the basis of Thunberg not having a viable claim against the estate of Gazey. Because this is not the correct standard to be implemented in an action for attor-

ney's fees, and because the trial court's findings are not supported by the record, we find that the trial court erred in holding the counsel fees and costs were warranted....

431 Pa.Super. 655, 631 A.2d 1382.

As Appellee Thunberg's filing of the suit against Gazey's estate was not done arbitrarily, Thunberg's appeal from the trial court's imposition of counsel fees to the Superior Court was not brought frivolously, unreasonably, and without foundation. The fact that the Superior Court vacated the trial court's award of counsel fees bolsters this conclusion. Therefore, I would not permit imposition of counsel fees earned in defending against the appeal.

Accordingly, I dissent.