PER CURIAM
AND NOW, this 27th day of March, 2018, the Petition for Allowance of Appeal is GRANTED, LIMITED TO the issue set forth below. Allocatur is DENIED as to all remaining issues. The issue, as stated by Petitioner, is:
the King's Bench Application, filed in this Court, where the trial court lacked jurisdiction to make such an award and where the award was not based in law or fact?
The decision of the Superior Court is REVERSED IN PART to the extent that it affirmed the trial court's March 16, 2017 award of counsel fees to Respondent for having to answer Petitioner's king's bench application. The March 16, 2017 order of the trial court is VACATED IN PART, to the extent that the trial court awarded $3092.50 in counsel fees to Respondent for fees incurred in responding to Petitioner's king's bench application. Pursuant to Pa. R.A.P. 2744, an appellate court, not a trial court, has authority to award reasonable counsel fees if the appellate court determines that an appeal is frivolous or taken in bad faith. See Thunberg v. Strause, 545 Pa. 607, 682 A.2d 295, 302 (1996) (providing that an appellate court may award counsel fees upon a determination by the appellate court that an appeal is frivolous, taken only to delay the proceedings, or that a party's conduct was dilatory, obdurate, or vexatious).