J. S11032/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WADE, GOLDSTEIN, LANDAU, AND ABRUZZO, P.C. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY CLARK AND CORINNE CLARK, | : | No. 1639 EDA 2018 |
| | : | |
| Appellants | : | |

Appeal from the Judgment Entered July 26, 2018,
in the Court of Common Pleas of Chester County
Civil Division at No. 2013-06330

BEFORE:  SHOGAN, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 16, 2019**

Timothy Clark ("Mr. Clark") and Corrine Clark ("Ms. Clark") appeal from the July 26, 2018 judgment entered in the Court of Common Pleas of Chester County.  As discussed herein, Ms. Clark has no appeal before this court.  Additionally, Wade, Goldstein, Landau & Abruzzo, P.C. ("Wade"), has filed a "motion for dismissal of appeal pursuant to a ***per curiam*** order filed October 30, 2018," based on substantial defects in Mr. Clark's brief.  We deny Wade's motion for dismissal and affirm the judgment.

The underlying case reflects a lengthy litigation between all the parties involved in the issues surrounding this transaction.  Wade was successful in the underlying action.  The record reflects that on July 3, 2013, Wade commenced the underlying action against Mr. Clark; Matthew Arrison, Esq.;

Great White Marketing, Inc. ("Great White"); John Ralston Woodruff, Esq.; and The Woodruff Law Firm (John Ralston Woodruff, Esq., and The Woodruff Law Firm collectively referred to as "Woodruff") by praecipe to issue writ of summons. In the praecipe, Wade identified the primary claim as "malicious prosecution." (Wade's praecipe to issue writ of summons, 7/3/13.) Thereafter, the proceedings were terminated with respect to Attorney Arrison. With leave of court, Wade filed a complaint, an amended complaint, and a second amended complaint. The second amended complaint contained four claims, including wrongful use of civil proceedings and abuse of process that allegedly stemmed from lawsuits filed by Woodruff on behalf of Mr. Clark and Great White, which was an entity owned by Mr. Clark, against Wade. The second amended complaint also included a count alleging fraudulent conveyance against Mr. Clark, Great White, Ms. Clark, and Woodruff. A protracted litigation ensued.

On March 4, 2015, a default judgment was entered against Woodruff. The litigation continued as against Mr. Clark, Ms. Clark, and Great White. On April 12, 2017, Woodruff filed a petition to strike/open default judgment, which the trial court subsequently denied. (Order of court, 6/14/17.) Woodruff then filed a motion for reconsideration. The trial court entered an order denying the motion for reconsideration on July 21, 2017. On July 25, 2017, however, the trial court entered an order stating that "in view of the Motion of [Woodruff] for Reconsideration of [Woodruff's] Petition to

Strike/Open Default Judgment and/or for Indemnity or Contribution, it is hereby ordered that [the trial c]ourt's Second Final Administrative Conference Order dated June 15, 2017, is amended[.]"  (Order of court, 7/25/17 (electronically signed).)  The order then goes on to amend the conference schedule with respect to filing deadlines for submission of final expert reports. On August 2, 2017, Mr. Clark filed an answer to the "motion of John Woodruff to indemnify/contribution."  (Mr. Clark's "answer by [Mr. Clark] to motion of John Woodruff to indemnify/contribution," 8/2/17 (full capitalization omitted).)  The record reflects that the indemnification/contribution litigation between Mr. Clark and Woodruff ensued.

On February 27, 2018, with leave of court, Wade filed a praecipe to partially discontinue, without prejudice, with respect to Mr. Clark, Ms. Clark, and Great White.[1]  On March 12, 2018, Mr. Clark filed a "petition for sanctions and to tax fees as costs sur rule 2503(7) and (9)."  On March 19, 2018, Ms. Clark filed a petition "for an award of counsel fees pursuant to 42 Pa.C.S.[A.] § 2503(7), (9)."  On April 25, 2018, the trial court entered an order denying Mr. Clark's petition for sanctions and to tax fees as costs pursuant to 42 Pa.C.S.A. § 2503(7) and (9).  Also on April 25, 2018, the trial

---

[1] In Wade's brief to this court, it explained that it decided to forego recovery against Mr. Clark, Ms. Clark, and Great White because Attorney Woodruff appeared capable of satisfying the judgment entered against him.  (Wade's brief at 15.)

court entered an order denying Ms. Clark's petition for an award of counsel fees pursuant to 42 Pa.C.S.A. § 2503(7) and (9).

The record reflects that on June 13, 2018, Mr. Clark and Ms. Clark filed one notice of appeal from "the Order of April 25, 2018 denying without a Hearing Petition for Sanctions and to Tax as Fees and Costs rendered by the [trial court]." (Notice of appeal, 6/13/18.)[2] Attached to that notice of appeal is the trial court's April 25, 2018 order denying Mr. Clark's petition for sanctions. Therefore, because the trial court entered a separate order denying Ms. Clark's petition for counsel fees and Ms. Clark did not appeal from that order, Ms. Clark has no appeal before this court.

The record further reflects that the trial court ordered Mr. Clark to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Mr. Clark timely filed a Rule 1925(b) statement which contained 18 claims of error. (Mr. Clark's "statement of matters complained of sur Rule 1925(b)," 6/21/18 (full capitalization omitted).) The trial court filed a Rule 1925(a) opinion that briefly addressed "the issue that is woven

---

[2] The record reflects that a second notice of appeal was filed on June 19, 2018, which stated that "Timothy Clark and Corrine Clark hereby appeals [sic] from the Order of April 25, 2018 denying without Hearing Petition for Sanctions and to Tax as Fees as Costs rendered by the Honorable Mark Tunnel." (Notice of appeal, 6/19/18 (full capitalization omitted).) No order was attached to the June 19, 2018 notice of appeal. We note, however, that because Ms. Clark filed a petition "for award of counsel fees pursuant to 42 Pa.C.S.[A.] § 2503(7), (9)" and the trial court entered a separate order specifically denying Ms. Clark's petition, it is clear that the notice of appeal filed on June 19, 2018 is not from the order denying Ms. Clark's petition.

throughout the [c]oncise [s]tatement" and incorporated the reasons for dismissal as set forth in the order that dismissed Mr. Clark's petition for sanctions. (Trial court opinion, 7/3/18 at 1-2.)

On June 20, 2018, this court entered an order directing Mr. Clark to show cause as to why the appeal should not be quashed for want of a final order. (***Per curiam*** order of court, 6/20/18.) Mr. Clark did not respond. On July 19, 2018, this court entered an order noting that a "[r]eview of this matter indicates that no judgment has been entered on the trial court docket as required by Pa.R.A.P. 301." (***Per curiam*** order, 7/19/18.) In accordance with this court's policy, the order then directed Mr. Clark to praecipe the trial court prothonotary to enter judgment. (***Id.***) The order further stated that upon compliance, the notice of appeal previously filed would be treated as filed after entry of judgment. (***Id.***) Mr. Clark complied by providing this court with an updated docket sheet showing that judgment was entered on July 26, 2018.

On October 9, 2018, Wade filed an application to dismiss Mr. Clark's appeal alleging, among other things, that Mr. Clark failed to file a timely brief and that Mr. Clark attempts to improperly broaden the scope of the appeal. (Wade's motion for dismissal of appeal, 10/9/18.) On October 30, 2018, this court denied Wade's application to dismiss without prejudice to raise the issue before the merits panel. (***Per curiam*** order of court, 10/30/18.) On January 22, 2019, Wade filed a motion for dismissal of appeal pursuant to that

***per curiam*** order. (Wade's "motion for dismissal of appeal pursuant to

***per curiam*** order filed October 30, 2018" (full capitalization omitted).) In its

motion for dismissal, Wade requests that we dismiss the appeal for Mr. Clark's

various violations of the Pennsylvania Rules of Appellate Procedure.

Mr. Clark raises the following issues for our review:

1. Did the Court deny due process by denying the Petition for Sanctions for Fees under 42 Pa. C.S.[A.] 2503 summarily without permitting [Mr. Clark] to make a Record focused upon the issue of the Petition where the Court had prohibited any adverse deposition for the previous three years, and the opportunity to submit Briefs or make oral argument after the Court withdrew Rule to Show Cause mandating deposition ex parte[?]

2. Did the Court commit abuse of discretion by manifest unreasonableness by resolving all issues against [Mr. Clark and Ms. Clark], not analyzing the position of each [Mr. Clark and Ms. Clark] separately, without permitting either one to make a record upon their separate claims for abuse in litigation from 2014 forward including (1) not discontinuing the action in July 31, 2015 when the total value of both judgments upon a legal bill of about $13,000 was $**$54,785.20** [sic] upon happenstance (2) utter failure to provide reasoned grounds to initiate and continue the suit against [Ms.] Clark for conduct of her husband already reduced to judgment in 2013 (2) suing [Mr.] Clark in 2013 for contract damages, and fraud damages both of which were denied at trial in 2013 in the prior case and continuing the suit for tort damages without prevailing wholly on the prior claim (3) prolonging of the case for twenty-two months by filing false claims including that the case was "settled" unilaterally in 2016 for the purpose to avoid near impending trial (4) illicitly

> placing [Mr. Clarks'] lawyers on "witness" list in 2015 to slow down the proceedings and (5) falsely claiming [Mr. Clark's] lawyer should be disqualified by conflict not until late 2017 again at the cusp of trial rather than immediately in 2015 when it raised the issue casually within its Conference Memorandum by listing both lawyers as witnesses to avoid trial[?]

Mr. Clark's brief at 7 (emphasis in original).

At the outset, we note that even though Mr. Clark's counseled brief is largely incomprehensible and attempts to improperly broaden the scope of the appeal outside of the order appealed from, we decline Wade's request to dismiss on those bases. Instead, we will dispose of the issue that Mr. Clark raises before this court and that he raised with the trial court, which is that the trial court abused its discretion in denying Mr. Clark's motion for sanctions in the form of attorney's fees because the trial court prohibited him from making a record to support the award.

In addressing a trial court's order awarding or denying counsel fees, our review is limited solely to determining whether the trial court abused its discretion. **Thunberg v. Strause**, 682 A.2d 295, 299 (Pa. 1996). "An abuse of discretion occurs where the trial court 'reaches a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or is the result of partiality, prejudice, bias, or ill will.'" **Brady v. Urbas**, 111 A.3d 1155, 1161 (Pa. 2015).

Here, Mr. Clark requested counsel fees "for sanctions against [Wade]" under 42 Pa.C.S.A. 2503(7) and (9)[3] "for its dilatory, obdurate or vexatious conduct during the pendency of a matter and for its arbitrary, vexatious and bad faith conduct in commencing the matter." (Mr. Clark's "petition for sanctions and tax fees as costs sur Rule 2503(7) and (9)," 3/12/18 at 1 (emphasis omitted).) In denying Mr. Clark's request, the trial court explained that:

> [t]he court finds no need for the creation of an additional record or a hearing in order to evaluate the legal claims presented in this petition. First, the present petition more properly reads as a motion than a petition. The "petition" recounts the procedural history of this case, as well as the parties' prior dispute. Both of which, however, are already of record before the court. The petition simply restates the history of this case and concludes that based upon the record the court should find vexatious conduct (and the like) on the part of the [Wade]. Yet, the allegations in [Mr. Clark's] petition are in sum a re-assertion of the claims and disputes that occurred prior to the filing of the instant case and are not a proper basis for an award of fees. Furthermore, as the court has noted in past orders, it has been assigned this case for five (5) years in pre-trial administration and is quite familiar with the allegations and claims. The court has resolved numerous motions and petitions filed by the parties challenging one another's conduct and it has personally observed the parties' and their counsel's conduct during pre-trial conferences. Thus, in answering the question whether [Wade's] conduct

---

[3] Section 2503(7) permits an award of counsel fees as a sanction "for dilatory, obdurate or vexatious conduct during the pendency of a matter." 42 Pa.C.S.A. § 2503(7). Section 2503(9) permits an award of counsel fees where "the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." *Id.* at § 2503(9).

> during the litigation was suit [sic] was "dilatory, obdurate or vexatious" or whether the action was filed without "reason," the court concludes the answer is that it was not.
>
> Although [Wade's] claim may not have been a strong one in [Mr. Clark's] view, the record does not support an award of attorneys' fees. An award of counsel fees is intended as a sanction against those who seek to use legal avenues to harass other parties, or attempt to obtain a benefit to which they would not otherwise be legally entitled. The court finds that such was not the case here.

Order of court, 4/25/18 at 2 n.1. In its Rule 1925(a) opinion, the trial court further explained that:

> [a]s the court noted in its appealed from Order, [Mr. Clark] raised issues that involved facts that were of record – filings made, assertions contained therein, disposition of prior cases and so on. Although in cases where facts may be unclear or disputed an evidentiary hearing may be required, in this case the facts and challenged conduct was [sic] of record before the court. Thus, the court concluded that no additional evidentiary hearing was necessary.

Trial court opinion, 7/3/18 at 1-2 (citation omitted).

We have reviewed the extensive record in this case and discern no abuse of discretion.

Judgment affirmed. Motion for dismissal of appeal pursuant to ***per curiam*** order filed October 30, 2018 denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/16/19</u>