495 A.2d 1389

**Harold DULANEY, Michael Baker and Dorothy L. Baker, His Wife**

**v.**

**ROHANNA IRON AND METAL, INC., Andrew K. Rohanna and Robert E. Rohanna, Appellants.**

Superior Court of Pennsylvania.

Argued March 5, 1985.

Filed July 19, 1985.

46

David C. Hook, Waynesburg, for appellants.

Ewing B. Pollock, Waynesburg, for appellees.

Before OLSZEWSKI, HESTER and SHIOMOS *, JJ.

OLSZEWSKI, Judge:

This matter comes before us on appeal from the order entered July 11, 1983 in the Court of Common Pleas of Greene County. The lower court granted plaintiffs-appellees the right of ejectment, thus extinguishing appellants' claim of prescriptive use of a right of way and parking space on plaintiffs-appellees' property. This appeal followed.

The controversy centers on 2.692 acres of land situate in Franklin Township, Greene County. A railroad right-of-way fronts the tract's northern edge. To its west, Jennings

---

* Judge Thomas N. Shiomos, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

Avenue, a dedicated street, runs north and south. By deeds dated October 3, 1951 and March 9, 1953, appellee Harold Dulaney, acquired title to the tract.

By deed dated March 15, 1953, Dulaney conveyed 2.123 acres of the original tract to A.K. Rohanna, father of appellants Andrew K. Rohanna and Robert E. Rohanna. This parcel (the "Rohanna property") had formed the southern part of the original tract. Although the Rohanna property did not abut Jennings Avenue, appellants could reach the avenue by an access lane across the northern edge of the Dulaney property.[1]

On August 8, 1957, conveyance of another parcel of land extended the Rohanna property line west to Jennings Avenue.

Both properties enjoyed commercial use: Dulaney's as a slaughter house and Rohanna's as an iron and metal business. From time to time, Rohanna's employees would park their vehicles on a parking lot at the southern end of the Dulaney property.

On September 15, 1977 Dulaney executed an Article of Agreement with appellees Michael A. Baker and Dorothy L. Baker. When appellants asserted a right to use the access road and the parking lot, Bakers joined with Dulaney this action in ejectment. The lower court, after a hearing and oral argument, entered an order directing ejectment of appellants from the Baker/Dulaney premises. Their exceptions denied, appellants challenge the adverse ruling.

Appellants claim two prescriptive easements, one for access and one for parking. They argue that the access easement, created by implication, survived the establishment of an alternative means of access. Appellees concede the existence of the original easement. They argue, however, that an easement by necessity is extinguished when

---

1. Appellants' right to use the access lane was made explicit in the March 18, 1953 deed. It recited a clause to the effect that the conveyance was subject to existing rights of way including a pipe line, a railway and "other easements now in force" on the original property.

the necessity from which it resulted ceases to exist. *See, e.g., Wissler v. Hershey*, 23 Pa. 333 (1854). We agree. Appellants, the purchasers, were granted by implication the access easement which was "necessary for the reasonable use of the property granted." *See* Black's Law Dictionary, Fifth Edition. Conveyance of an adjacent lot in 1957 eliminated appellants' need for the access easement. Appellants cite *Heffley v. Lohr*, 149 Pa.Super. 586, 27 A.2d 275 (1942) for the proposition that acquisition of an alternate access route does not extinguish the easement created by implication. Appellant misreads *Heffley*. In *Heffley*, the court found that the disputed access easement offered the only "open, visible, permanent, continuous and convenient means thereto." The court, on those facts, held the *mere possibility* that an alternative access route could be constructed did not destroy the implied easement. In the instant case, the admitted existence of an alternate access route should lay rest to appellants' claim.

■ Neither has appellants' use ripened through prescription. Proof of prescriptive use must be clear and positive. The use must be adverse, open, notorious and uninterrupted. *Stevenson v. Williams*, 188 Pa.Super. 49, 145 A.2d 734 (1958). The lower court found insufficient evidence to establish appellants' adverse use of the access easement. Because their use was, at least until 1977, permissive, appellants' claim of a prescriptive access easement must fail.

■ On the same grounds, appellants' claim of a prescriptive easement fails. At the hearing, appellee, Harold Dulaney, testified that he never objected to appellants' parking on his property. He only asked them to move the equipment if it was in the way. Clearly, use by the owner's indulgence does not establish the adverse interest necessary to gain a property right by prescription. *See Shinn v. Rosenberger*, 347 Pa. 504, 32 A.2d 747 (1943).

After carefully reviewing the record and the briefs in this case, we affirm the order of the Honorable Glenn Tooth-

man, President Judge of the Court of Common Pleas of Greene County.

Order affirmed.