J-S68015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HELEN L. GEORGE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PETER MELTZER, ESQUIRE, MICHAEL EMERICK, ESQUIRE, VERNON LITZINGER, JUBELIRER, CAROTHERS KRIER, & HALPERN LAW FIRM, | |
| Appellees | No. 422 WDA 2016 |

Appeal from the Order Entered February 22, 2016
In the Court of Common Pleas of Blair County
Civil Division at No(s): No. 2015 GN 1800

BEFORE: SHOGAN, SOLANO, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.: **FILED DECEMBER 5, 2016**

Appellant Helen George, proceeding *pro se*, appeals from the trial court's order dismissing her amended complaint pursuant to Pennsylvania Rule of Civil Procedure 233.1. Upon review, we find Appellant's claims devoid of merit and affirm the order dismissing this action and barring Appellant from further attempts to re-litigate issues previously resolved in the Court of Common Pleas of Blair County.

On August 10, 2015, Appellant filed an amended complaint against her former attorney, Michael Emerick ("Emerick"), an attorney who previously represented Equity One Mortgage, Peter Meltzer ("Meltzer"), an adjoining

_____

[*] Retired Senior Judge assigned to the Superior Court.

landowner, Vernon Litzinger ("Litzinger"), and the law firm representing Litzinger, Jubelirer, Carothers, Krier, and Halpern (the "Law Firm") for, *inter alia*, a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201-1, fraud, concealment of fraud, and altered sheriff's deed. The underlying controversy originated in February of 2002 when Appellant obtained a $362,369.00 mortgage from Equity One Mortgage Company that encumbered certain parcels of Appellant's real property.

The trial court cogently described the litigation spawned from this initial transaction, as follows:

> [Appellant] obtained a mortgage loan from Equity One Mortgage Company ("Equity One") in the amount of $362,369.00 in February 2002. Pl. Amended Compl., Ex. A. Plaintiff discovered that the mortgage was over–encumbered and retained [Emerick] to release two parcels of land from the mortgage. *Id.* at ¶ 7. A Complaint in Equity, Docket No. 2003 GN 465, was filed in the Court of Common Pleas of Blair County on January 24, 2003. This initial action is the basis for the instant action before the Court. During the initial action, a Partial Release of "Parcel A and Parcel B" from [Appellant's] property was negotiated between [Emerick] and [Meltzer], which left "Parcel C" as the encumbered property. *Id.* at ¶ 7. The Partial Release was recorded on September 24, 2003, and the initial action was discontinued with prejudice. *Id.*, Ex. B.
>
> [Appellant] subsequently defaulted on the mortgage loan; as a result, Chase Manhattan Bank, as assignee of the Equity One [M]ortgage, filed a Mortgage Foreclosure action against [Appellant] in the Court of Common Pleas of Blair County seeking to foreclose on Parcel C. Pl. Amended Compl. at ¶ 8. Arthur Cohen, Esq., now deceased, represented [Appellant] during the proceedings. The Hon. Thomas G. Peoples, Jr., presided over a non-jury trial and awarded judgment for Chase Manhattan Bank against [Appellant]. Opinion and Order, June 5,

2005, Docket No. 2004 GN 1743. [Appellant] filed an appeal with the Superior Court, which dismissed the appeal on December 22, 2005, "because Appellant's filings violate[d] the rules of appellate procedure to such an extent that [the court could not] conduct appellate review." *Helen George v. Equity One Inc.*, 2147 WDA 2006 (Pa. Super. Ct. 2006).[1]

[Appellant], through Attorney Cohen, brought an action against Equity One filed February 12, 2004, repeating the initial action's allegations that Equity One incorrectly over-encumbered [Appellant's] property. Opinion and Order, May 10, 2006, Docket No. 2004 GN 731. [Appellant] also alleged violations of the Unfair Trade Practices and Consumer Protection Law of Pennsylvania and defamation by Equity One. *Id.* The Hon. Hiram A. Carpenter III held that [Appellant's] action was barred by *res judicata* and granted Equity One's Motion for Summary Judgment on May 10, 2006. *Id*. [Appellant] filed an appeal with the Superior Court, which quashed her appeal on August 24, 2007.

On December 1, 2006, [Appellant] filed a Praecipe for Lis Pendens *pro se* against Equity One. Docket No. 2006 GN 6443. Judge Carpenter struck the Lis Pendens against the property on February 13, 2007.

[Appellant] then commenced a Legal Malpractice action *pro se* against [Emerick] by filing a Praecipe for a Writ of Summons on September 28, 2007. [Appellant] filed a Complaint on May 27, 2008, and an Amended Complaint on July 9, 2008. In

---

[1]  The trial court erroneously described the appellate disposition of the mortgage foreclosure action. The docket entries attendant to 2004 GN 1743 actually reveal that this Court dismissed Appellant's appeal as no issues had been preserved for appellate review due to Appellant's failure to file post-trial motions. **See Chase Manhattan Bank v. George**, 1285 WDA 2005 (Pa. Super. filed October 6, 2005) (review of appeal from 2004 GN 1743). Appellant's appeal from the trial court's order in Case No. 2004 GN 731, reinstating a summary judgment award to Equity One, was quashed because "Appellant's indecipherable documents fail[ed] to present any discernable issues and are so defective that we are completely unable to conduct appellate review." **George v. Equity One, Inc.**, 2147 WDA 2006 (Pa. Super. filed July 9, 2007) (unpublished memorandum at 1).

the Amended Complaint, [Appellant] alleged that [Emerick] incorrectly identified the property originally intended to be encumbered by the mortgage with Equity One and therefore the Partial Release concerned incorrect properties. Amended Compl. in Legal Malpractice at ¶¶ 11-15, 31-34. The Hon. Charles C. Brown, specially presiding, granted [Emerick's] Motion for Summary Judgment on May 26, 2010, stating that [Appellant's] claim was time barred by the two (2) year statute of limitations and [Appellant] failed to present an expert to establish a deviation from the standard of care. Order, June 4, 2007, Docket No. 2007 GN 5397. [Appellant] filed an appeal with the Superior Court, which affirmed Judge Brown's Pa.R.A.P. 1925(a) Opinion on April 12, 2011. *George, H. v Emerick, M.*, 1071 WDA 2010, (Pa. Super. Ct. 2010).

[Appellant] commenced a suit *pro se* against the Blair County Tax Claim Bureau and the Blair County Tax Assessment Bureau by filing a Praecipe for a Writ of Summons on March 15, 2012. A Complaint was filed on March 30, 2012 and an Amended Complaint claiming "Negligent Misappropriation of Taxes; Illegal Tax Foreclosure on [Appellant's] Home; Parcel B., and Damages Thereof" was filed September 17, 2012. Pl. Amended Tax Compl., p. 1. Judge Brown granted Defendants' Preliminary Objections in the nature of a Demurrer on December 2, 2013, because [Appellant] failed to follow proper procedure in filing her suit. Opinion and Order, Dec. 2, 2013, Docket No. 2012 GN 904.

[Appellant] commenced a Quiet Title action *pro se* against [Litzinger], the purchaser of the property foreclosed on by Chase Manhattan Bank and subsequently sold at a Sheriff's Sale ("Parcel C") on May 9, 2014, by filing a Complaint. [Litzinger] filed an Answer to [Appellant's] Complaint with New Matter and Counterclaim on June 16, 2014. On July 24, 2014, [Litzinger] filed a Motion for Judgment on the Pleadings raising the issue of *res judicata*. The Hon. Wade A. Kagarise granted [Litzinger's] Motion and dismissed the Quiet Title action with prejudice. Order, Sept. 4, 2014, Docket No. 2014 GN 1349. [Appellant] filed an appeal to the Superior Court on October 8, 2014. In his Pa.R.A.P. 1925[a] Opinion, Judge Kagarise stated:

> This Court's review of the allegations in [Appellant's] present action lead this court to the conclusion that [Appellant] seeks a ruling from this

Court concerning the property lines for this subject property. She specifically indicates in her request for relief that she "respectfully requests the clarification of her property ownership." The Court is constrained to find that on numerous occasions her property ownership in the subject property has already been clarified. *This Court sees no new issues in the present matter that have not been previously addressed.*

1925[a] Opinion, Nov. 21, 2014, Docket No. 2014 GN 1349. (emphasis added)[.]

The Superior Court quashed [Appellant's] appeal on March 31, 2015. On October 26, 2015, Judge Kagarise ordered [Appellant] to pay counsel for [Litzinger] five hundred dollars ($500.00) within six (6) months as a sanction for "frivolous, meritless, and...bad faith" litigation filed by [Appellant]. Order, Oct. 26, 2010, Docket No. 2014 GN 1349. Judge Kagarise deferred any consideration of further sanctions pursuant to Pa.R.C.P. 233.1 until the conclusion of the instant action before the Court. *Id.*

Trial Court Opinion, 2/22/16, at 2–7.

As noted, Appellant's instant lawsuit alleges that all Appellees engaged in deceptive business practices under the UTPCPL. She additionally claims that attorneys Emerick and Meltzer: 1) forged or fraudulently tampered with legal documents; 2) altered legal documents; 3) concealed legal documents; 4) breached a contract; 5) committed perjury; 6) knowingly submitted to the trial court an altered description of the subject property with incorrect boundary lines; 7) testified that the submitted maps were correct; 8) "spoken under oath that 'whatever Parcel C is on the submitted map of Parcel C is what the Mortgage Company has to accept'" and, 8) "influenced the Court by the altered subdivision." Amended Complaint, 8/10/15, at ¶

46. The allegations against Litzinger and the Law Firm are muddled but appear to assert that these parties colluded in preparing a forged deed to the subject property. *Id.* at ¶¶ 64–72.

On August 28, 2015, Emerick filed preliminary objections to the amended complaint and a separate motion to dismiss pursuant to Pa.R.C.P. 233.1.[2] On August 31, 2015, Litzinger and the Law Firm filed their preliminary objections, incorporating a motion to dismiss under Rule 233.1. Meltzer did not file a responsive pleading.[3] On January 20, 2016, the trial court conducted oral argument on Appellees' preliminary objections and motions to dismiss and Appellant's responses thereto. Subsequently, the trial court granted the motions to dismiss pursuant to Rule 233.1 and dismissed the claims against Emerick, Litzinger, and the Law Firm, with

_____

[2] Rule 233.1(a)(1) provides that "[u]pon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants." Rule 233.1(c) further instructs that "[u]pon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court." Pa.R.C.P. 233.1(a), (c).

[3] The certified docket reveals that Meltzer was not served with original process in the manner required by Pa.R.C.P. 402. Instead, it appears Appellant attempted to serve Meltzer by certified mail; however, the trial "[c]ourt did not authorize service through the mail." Trial Court Opinion, 2/22/16, at 7. Meltzer has not participated in this litigation in any fashion. In her brief, Appellant admits that she served Meltzer by certified mail, but does not offer any argument that this method of service was permissible under Pa.R.C.P. 403, allowing for service by mail in certain circumstances.

prejudice. The trial court's order further barred Appellant "from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court." Order, 2/22/16, at 15.

On March 7, 2016, Appellant filed a pleading captioned: "Res Judicta Judgment on the Merits Breach of Contract Fraud and Perjury Altered Sherrif Deed Fraudulent Concealment." The trial court treated the filing as a motion for reconsideration and denied it on March 21, 2016. Appellant filed a timely notice of appeal.

At this juncture, we would ordinarily identify the issues Appellant requests that we review; however, the significant deficiencies in Appellant's brief, discussed *infra*, severely hamper identification of the questions involved. That being said, within the morass of Appellant's appellate submission, we have discerned only one issue related to the trial court's dismissal of this action pursuant to Pa.R.C.P. 223.1, stated by Appellant as follows: "With all the prima face [sic] evidence submitted by [Appellant], why would the Court dismiss fraud by Pa.R.C.P. 233.1 and 233.1(c)?" Appellant's Brief at 4.

Prior to our consideration of the merits of Appellant's claim, we must address two preliminary matters. First, on August 11, 2016, Appellant filed with this Court a document titled "Additional Discovery of Clear and Convincing Evidence" which we construe as a motion to supplement the

- 7 -

record on appeal.[4]  The proposed evidence consists of certain documents that Appellant recently received from a former attorney.  Motion, 8/11/16, at 3–8.  Appellant avers that these documents are relevant to the instant proceeding and claims that she "has been told by Superior Court to submit the newly discovered evidence to the Blair County Prothonotary for admission and submission to forward new discovery to Superior Court."  *Id.* at 2.  However, the certified docket from the trial court does not demonstrate that this new evidence was submitted to the Blair County Prothonotary.  Similarly, there is no entry on the appellate docket reflecting any communication from this Court concerning supplementing the record.

In any event, we cannot consider Appellant's alleged newly discovered evidence.  Under Pennsylvania Rule of Appellate Procedure 1921, "[t]he original papers and exhibits filed in the lower court, paper copies of legal papers filed with the prothonotary by means of electronic filing, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court" constitute the appellate record. Pa.R.A.P. 1921.  An appellate court may consider only the facts which have been duly certified in the record on appeal.  *In re Fielder*, 132 A.3d 1010, 1027 n.15 (Pa. Super. 2016) (citing *Commonwealth v. Young*, 317 A.2d 258, 264 (Pa. 1974)).  A party to an appeal cannot therefore file a

_____

[4]  Appellant's motion was deferred for disposition at the same time as the merits of the appeal and is now ripe for resolution.

supplemental record containing documents that were not included in the record certified from the trial court and were not part of the evidence considered by the trial court in making its decision. **Possessky v. Diem**, 655 A.2d 1004, 1011 n.1 (Pa. Super. 1995). Thus, Appellant's motion to supplement the record on appeal is denied.

Second, we are compelled to address whether Appellant's appeal is waived because of numerous defects in her appellate brief. Appellant's arguments are barely decipherable and completely unsupported by legal citation; thus, it would be well within our province to dismiss this appeal based upon Appellant's failure to file a brief in conformity with the rules of appellate procedure. We decline to do so, however, because the trial court adeptly clarified why dismissal under Rule 233.1 was necessary in this matter, and we deem it essential that Appellant understand that she may no longer clutter the trial court dockets with frivolous and repeated litigation without leave of court.

As the trial court explained:

> Rule 233.1 does not require the highly technical prerequisites of *res judicata* or collateral estoppel to allow the trial court to conclude that *a pro se* litigant's claims are adequately related to those addressed in prior litigation. *Gray v. Buonopane,* 53 A.3d 829, 838 (Pa. Super. Ct. 2012). Nor does it require an identity of parties or the capacities in which they sued or were sued. *Id*. Rather it requires a rational relationship evident in the claims made and in the defendant's relationships with one another to inform the trial court's conclusion that the bar the Rule announces is justly applied. *Id*.

* * *

The Supreme Court of Pennsylvania has stated "certain litigants are abusing the legal system by repeatedly filing new litigation raising the same claims against the same defendant even though the claims have been previously adjudicated either through settlement or through court proceedings. New Rule 233.1 provides relief to a defendant who has been subjected to this type of repetitive litigation." Pa.R.C.P. 233.1, Explanatory Comment—2010.

In the instant action before the Court, [Appellant] admits "a litany of lawsuits were presented in hopes of correcting the error" that [Appellant] perceives to have resulted from the mortgaging of her property and the subsequent actions arising from it. Pl. Amended Compl. at ¶ 27. Furthermore, [Appellant] admits "a stigma follows [Appellant] in the Court as a person wanting to repeat lawsuits when they were all adjudicated as *res judicta*." *Id*. [Appellant] is correct in her admissions. [Appellant] has repeatedly brought lawsuits litigating the same facts, parties, and legal questions, which have been resolved in prior proceedings before the Court of Common Pleas of Blair County. Multiple judges have dismissed [Appellant's] previous attempts at re-litigating these same facts and legal questions before the Court. The Superior Court has repeatedly affirmed the Courts['] decisions and quashed Appellant's appeals. This Court declines to allow [Appellant] to continue with such frivolous and vexatious litigation.

Trial Court Opinion, 2/22/16, at 11–12.

After careful review of the record in this case and the briefs of the parties, we discern no abuse of discretion in the trial court's well-reasoned decision to dismiss Appellant's lawsuit under Rule 233.1. *See Coulter v. Ramsden*, 94 A.3d 1080, 1086 (Pa. Super. 2014) (a trial court's decision to grant a motion to dismiss under Rule 233.1 is reviewed for an abuse of that court's discretion). Accordingly, we affirm the trial court's order dismissing Appellant's claims with prejudice and barring Appellant from pursuing *pro se*

- 10 -

litigation against the same or related parties raising the same or related claims without leave of court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2016