J-S26003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| DAWN ANN ROSANO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MITCHELL WAGNER | : | |
| | : | |
| Appellant | : | No. 3289 EDA 2018 |

Appeal from the Judgment Entered December 11, 2018
In the Court of Common Pleas of Northampton County
Civil Division at No(s):  C-48-CV-2017-08973

BEFORE:   PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED OCTOBER 03, 2019**

Mitchell E. Wagner appeals from the judgment[1] entered after the trial court found that Appellee, Dawn Ann Rosano, had established her right to a twenty-foot-wide easement by implication over a driveway situated on Wagner's property.  We affirm.

Wagner and Rosano own adjacent pieces of property.  Rosano's property is accessed from Rutt Road ("Rutt Road property"), while Wagner's property

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] "Orders denying post-trial motions … are not appealable. Rather, it is the subsequent judgment that is the appealable order when a trial has occurred." **Harvey v. Rouse Chamberlin Ltd.**, 901 A.2d 523, 525 n.1 (Pa. Super. 2006) (citation omitted). Here, judgment was entered by praecipe on December 11, 2018; thus, Wagner's notice of appeal was mislabeled. Despite this error, we will address the appeal because judgment has been entered on the verdict. **See Mount Olivet Tabernacle Church v. Edwin L. Wiegand Division**, 781 A.2d 1263, 1266 n.3 (Pa. Super. 2001). We have corrected the caption accordingly.

is accessed from Locke Heights Road ("Locke Heights property").  Wagner's parents acquired the Rutt Road property in 1950 and the Locke Heights property in 1963.  Wagner's parents continually used a driveway located on the Locke Heights property ("the Locke Heights driveway") so that they could park their car in a basement garage located at the rear of the Rutt Road property.  The Locke Heights property featured an automotive business still in operation to this day.

In 2008, Wagner's mother bequeathed title to the Rutt Road property to Wagner's brother, and title to the Locke Heights property to Wagner.  Beginning in 2009, Wagner's brother leased out the Rutt Road property.  The first lessee utilized the Locke Heights driveway to access the Rutt Road property in the same way Wagner's parents did.

In 2015, Wagner's brother leased the Rutt Road property to Rosano.  Rosano continued to use the Locke Heights driveway to access the garage on the Rutt Road property.  Further, Wagner's brother traversed the Locke Heights driveway to access the Rutt Road property, when necessary.

At some point after Rosano began to lease the Rutt Road property, Wagner asked his brother to block off the driveway from the Rutt Road property.  However, Wagner's brother refused.

In 2016, Wagner's brother sold the Rutt Road property to Rosano.  Sometime thereafter, Wagner placed a concrete blockade between the driveway and the Rutt Road property.  While the concrete blockade was eventually torn down, another blockade was eventually erected in its place.

- 2 -

Due to Wagner's blockade, Rosano was forced to park her vehicle at the front of the Rutt Road property. In doing so, her vehicle was hit several times and would occasionally be buried by snow plowed from Rutt Road.

In 2017, Rosano constructed a parking pad in the front of the Rutt Road property. In addition, Rosano considered the possibility of building a driveway on the property, apparently from a Rutt Road access point. However, she concluded that given the existence of a large catch-basin on one side of the property and a lack of space on the other side, it is not feasible for her to do so. Accordingly, because access from the Locke Heights property is no longer viable, Rosano does not have access to the garage in the rear of her property and must either utilize Rutt Road or her parking pad for parking purposes. *See* Decision of Trial Court, 9/6/18, 1-6.

After a nonjury trial, the trial court issued a verdict and written decision on September 6, 2018. The court denied Wagner's post-trial motion, and Wagner filed this timely appeal.

In his appeal, Wagner presents four issues:

1. Did the trial court err in granting Rosano an easement by implication where Wagner's parents alienated both properties without specifying in writing or orally which property would be subservient and which would be dominant?

2. Did the trial court err when it granted Rosano an easement by implication when the evidence established that the use of the at-issue driveway was permissive, not of a continued nature, and there was no important or necessary reason for Rosano to obtain a right-of-way over Wagner's property?

- 3 -

3. Did the trial court err when it granted Rosano an easement by implication where Rosano, prior to purchasing the land from Wagner's brother, expressed the understanding that Wagner would not permit her to access the rear of her property, thereby waiving her right to claim an easement by implication?

4. Is the finding of an easement by implication an abuse of discretion, given that said easement is not fixed, but is ambulatory, and further, the easement places an undue burden on Wagner, which should have been considered in the relevant balancing test?

*See* Wagner's Brief, at 4.

Preliminarily, we note our standard and scope of review in equity actions:

> The trial judge, sitting in equity as a chancellor, is the ultimate fact-finder. The scope of review, therefore, is limited. The final decree will not be disturbed unless the chancellor committed an error of law or abused his or her discretion. The findings of fact made by the trial court will not be disturbed unless they are unsupported by competent evidence or are demonstrably capricious.

*Griffith v. Kirsch*, 886 A.2d 249, 253 (Pa. Super. 2005) (citation omitted).

Here, all four of Wagner's issues on appeal challenge the trial court's determination that the Locke Heights property was subject to an easement by implication in favor of the Rutt Road property.

> It has long been held in this Commonwealth that although the language of a granting clause does not contain an express reservation of an easement in favor of the grantor, such an interest may be reserved by implication, and this is so notwithstanding that the easement is not essential for the beneficial use of the property.

*Daddona v. Thorpe*, 749 A.2d 475, 480 (Pa. Super. 2000) (citation omitted).

- 4 -

The circumstances which will give rise to an impliedly reserved easement [are]: where an owner of land subjects part of it to an open, visible, permanent and continuous servitude or easement in favor of another part and then aliens either, the purchaser takes subject to the burden of the benefit as the case may be, and this is irrespective of whether or not the easement constituted a necessary right of way.

*Id*., at 481 (citation omitted) (formatting altered).

As such, "[a]n easement by implication can be found to exist where the intent of the parties is demonstrated by the terms of the grant, the property's surroundings and any other *res gestae* of the transaction." ***Phillippi v. Knotter***, 748 A.2d 757, 761 (Pa. Super. 2000) (citation omitted). "Two different tests have been utilized in this Commonwealth to determine whether an easement has been created by implication: the traditional test and the Restatement of Property test." ***Id***. (citation omitted). As to the traditional test:

Three things are regarded as essential to create an easement by implication on the severance of the unity of ownership in an estate; first, a separation of title; second, that, before the separation takes place, the use which gives rise to the easement, shall have been so long continued, and so obvious or manifest, as to show that it was meant to be permanent; and third, that the easement shall be necessary to the beneficial enjoyment of the land granted or retained. To these three, another essential element is sometimes added, –that the servitude shall be continuous and self-acting, as distinguished from discontinuous and used only from time to time.

***Daddona***, 749 A.2d at 481 (citations omitted). The requirement of a showing of necessity does not require a showing of absolute necessity, but rather only calls for a showing that the claimed easement is convenient or beneficial to

the property which would benefit from the easement. **See Possessky v. Diem**, 655 A.2d 1004, 1009 n. 2 (Pa. Super. 1995).

Conversely, the Restatement test "emphasizes a balancing approach, designed to ascertain the actual or implied intention of the parties. No single factor under the Restatement approach is dispositive. Thus, the Restatement approach and the more restrictive tests … co-exist in Pennsylvania." **Id**. (citation omitted) (alteration in original). The Restatement's Section 476 utilizes the following factors to determine if an easement by implication exists:

(a)     whether the claimant is the conveyor or the conveyee,

(b)     the terms of the conveyance,

(c)     the consideration given for the conveyance,

(d)     whether the claim is made against a simultaneous conveyance,

(e)     the extent of necessity of the easement to the claimant,

(f)     whether reciprocal benefits result to the conveyor and the conveyee,

(g)     how the land was used prior to its conveyance, and

(h)     the extent to which the prior use was or might have been known to the parties.

**See Phillippi**, 748 A.2d at 762. Moreover, we have indicated that "the extent to which an easement is necessary under the circumstances is a factor heavily weighed in determining whether an easement should be implied." **Id**. (citations and quotation marks omitted).

Here, the trial court utilized the traditional test to establish the existence of an easement by implication. It found that "a separation of title occurred when [Wagner's mother] bequeathed the [Rutt Road property] to [Wagner's brother] and the [Locke Heights property] to [Wagner]," Decision of Trial Court, 9/6/18, at 8, which satisfied the traditional test's first element.

As to the second element, the trial court found that Wagner's parents, from the moment they acquired the Rutt Road property until title was separated, "continuously, obviously, and manifestly used the [d]riveway to access the Rutt Road [p]roperty's garage." *Id*. This use predated Wagner's parents' acquisition of the Locke Heights property in the 1960s. *See* N.T., 6/13/18, at 12-13 (identifying that in the 1950s, Wagner's parents would use the Locke Heights property's access point "to gain access to the rear" of the Rutt Road property without problem).

On the third element, the court found that Rosano's use of the driveway "is necessary to her beneficial enjoyment of the [Rutt Road property], as the [d]riveway leads to an enclosed garage on the property." Decision of Trial Court, at 8-9. Although it conceded that Rosano's parking pad provides her with the ability to park on her property, depriving Rosano of the driveway means that she has no vehicular access to her enclosed garage. *See id*.

And, as to the occasionally included fourth element, the court found that the driveway's use "has been continuous and self-acting, as opposed to discontinuous or used only on occasion." *Id*.

The court did not consider the Restatement test in its analysis, finding such an inquiry would "not be useful" here. *Id*., at 10; *see also Bucciarelli v. DeLisa*, 691 A.2d 446, 448 n.1 (Pa. 1997) (our Supreme Court declining to specifically adopt Property Restatement Section 476, but merely using it as "useful and persuasive" for analysis purposes). The court stated that "at the time of the separation of title, it was apparent that [Wagner's mother] intended to convey a permanent easement over the [d]riveway to [Wagner's brother] and his successors." Decision of Trial Court, at 10.

First, Wagner argues that an easement by implication should not have been granted, given that Wagner's mother did not specify in writing or orally which property would be subservient and which would be dominant. *See* Wagner's Brief, at 16. Wagner cites to *Maioriello v. Arlotta*, for the proposition that if both lots are conveyed by a common owner at the same time, it is impossible to imply that the common owner was making one property servient to the other. *See* 73 A.2d 374, 375 (Pa. 1950).

However, the Court in *Maioriello* did not explicitly apply this rule. Rather, it found that the record contained no evidence of whether an easement existed. *See id*., at 375-376. Therefore, *Mairoriello* must be viewed as an application of the general rule that the intention of the parties, as demonstrated by circumstances, is the primary concern. The *Mairoriello* Court merely found that the simultaneous conveyances did not support the creation of an implied easement.

While the trial court did not address the Restatement test, we note that the Restatement test does not support Appellant's proposition that *Mairoriello* bans implied easements where a common owner conveyed the subject properties simultaneously. Our Supreme Court has declined to specifically adopt Section 476, instead finding it to be persuasive. However, we have utilized the Restatement test in many instances. *See, e.g.*, *Phillippi*, 748 A.2d at 762-63. Moreover, we have indicated that "[n]o single factor under the Restatement approach is dispositive." *Id*., at 762 (citation omitted). Hence, because Section 476(d), one of the eight factors, asks us to consider if the claim is made against a simultaneous conveyance, it is not, by itself, fatal to Rosano's case that Wagner and his brother received their properties simultaneously. In fact,

> [i]t is … important to consider whether [an easement] is claimed against a simultaneous conveyee. Where the claim is thus made, the implication is stronger than where the claim is made against the conveyor himself. It is reasonable to infer that a conveyor who has divided his land among simultaneous conveyees intends that very considerable privileges of use shall exist between them. Commonly, in such cases, **the conveyance constitutes a family distribution**, and, where this is true, the **probability of a desire that existing conveniences shall continue to be operative is greater than the probability that a conveyor would desire them continued as against himself**. In such cases, the fact that the conveyance is wholly gratuitous is of relatively little significance.

Restatement (First) of Property § 476 (1944), Comment (emphasis added).

Accordingly, Wagner's argument is without merit. The operative test is whether the circumstances support an inference that Wagner's mother intended to reserve an easement over the Locke Heights property. Despite the language in **Maioriello** cited by Wagner, an easement can be implied under the circumstances of this case. Therefore, Wagner is due no relief on this issue.

Second, Wagner contends that use of the driveway on his property was permissive, not of a continued nature, and that no important reason exists for Rosano to use the driveway. **See** Wagner's Brief, at 19. Wagner claims that the Rutt Road property and the Locke Heights property "were not part of a common tract." **Id**. Further, Wagner states that an easement "is not necessary to the beneficial enjoyment of" Rosano's Rutt Road property. **Id**., at 22. And finally, Wagner avers that it would be possible for a driveway to be constructed from Rutt Road to the garage behind Rosano's house, thus obviating the need for access to Wagner's property. **See id**.

As stated, *supra*, we will not disturb the trial court's findings of fact unless such findings are unsupported by competent evidence or are demonstrably capricious. **See Griffith**, 886 A.2d at 253.

Wagner does not describe how use of the driveway was only permissive and does not identify how prior use of the driveway to access the Rutt Road garage was not continuous. Instead, he only illuminates the possibility that

Rosano could construct her own driveway from Rutt Road to give herself access to the garage on her property.

Absolute necessity is not a requirement for the finding of an easement by implication; rather the easement need only be convenient or beneficial to the dominant estate. *See Possessky*, 655 A.2d at 1009 n. 2. The trial court found that an easement by implication allowed Rosano convenient and beneficial access to her garage, *see* Decision of Trial Court, at 9, and we discern no fault in this finding, as it is supported by competent evidence. *See, e.g.*, N.T., at 61 (stating that Wagner's actions in blocking the driveway where it met the Rutt Road property prevented Rosano from access to her garage).

In addition, the trial court apparently considered Rosano's testimony to be credible when she stated that she could not construct a driveway on her property. *See* Decision of Trial Court, at 5. Thus, regardless of Wagner's position that it is physically possible for a driveway to be constructed on the Rutt Road property, a stance only supported by three sentences within his brief, absent a demonstrably capricious factual finding, we are not at liberty to disturb the trial court's findings. Accordingly, Wagner's claim fails.

Third, Wagner suggests that Rosano's apparent acknowledgement that she would not be permitted to use Wagner's driveway constitutes waiver of her right to obtain an easement by implication. However, Wagner has not cited to any authority to support this proposition, nor has Wagner cited to the record to support his contention that Rosano took title to the Rutt Road

property under the expectation that she would not have access to the Locke Heights driveway. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. " ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (citations omitted); ***see also*** Pa. R.A.P. 2119(a) (establishing that each point in an argument must be "followed by such discussion and citation of authorities as are deemed pertinent"). "It is not the obligation of this Court … to formulate [a]ppellant's arguments for him." ***Johnson***, 985 A.2d at 924.

Wagner fails to cite any legal authority for his proposition that Rosano "accepted the situation as it was, and … is not entitled to assert a claim to an easement that is other than an express written grant, by necessity, or by [prescription]." Appellant's Brief, at 23. Wagner has therefore waived this argument.

Even if it had been properly presented, the record does not support Wagner's factual contentions. In the body of Wagner's argument, he contends that Rosano had acknowledged that she "could be denied access" and was aware of the "possibility of denial of access" upon acquiring title to the Rutt Road property. Wagner's Brief, at 23. However, the conditional nature of those phrases defeats Wagner's argument that Rosano knew she would be absolutely prohibited from using the Locke Heights driveway.

Moreover, at trial, Rosano testified that she was not informed that she would not have access to the Locke Road property until Wagner's attorney notified her some time after she had acquired the Rutt Road property. **See** N.T., at 65-66; **see also** N.T., at 37 (Wagner's brother indicating that he did not represent to Rosano that he had been asked by Wagner to cut off access to the Rutt Road property via the Locke Heights property). Accordingly, Wagner's third argument merits no relief in any event.

Fourth, Wagner asserts that the trial court abused its discretion because the implied easement over the Locke Heights property is not fixed but is ambulatory. He further contends the easement places an undue burden on him.

Wagner states that because repaired cars are continually parked in random locations throughout the Locke Heights property, the easement has no defined boundaries and therefore varies based on the day and location of those vehicles. The trial court's verdict indicates that Rosano "has a twenty-foot-wide easement by implication over the driveway situated on [Wagner's] property for the purpose of accessing the garage in the rear of [Rosano's] property." Verdict, 9/6/18, at 1. If we were confined to reviewing the verdict alone, Wagner's issue might have arguable merit. However, a review of the record reveals that the location of the easement is easily ascertainable and fixed.

Wagner's brother testified that, when his parents owned both the Rutt Road and the Locke Heights property, the Rutt Road garage was accessed "[o]ff of Locke Heights Road, along the south of the … Rutt Road property, and then [one would] make a right up into the driveway." N.T., at 12. A gravel drive situated along the north of the Locke Heights property provided "access to all of the properties along its northerly border." N.T., at 19.

And while Wagner parks cars near or on this route, "anybody going [in] and out goes around them." *Id*., at 20. The gravel drive has been used as driveway access since 1950. *See id*., at 25-26. Given the exact same or at least fundamentally similar use of the Locke Heights gravel drive undertaken by Wagner's parents, Wagner's brother, the tenant prior to Rosano, and Rosano herself, it cannot be said that the easement by implication as defined by the trial court is ambulatory. The parties have a general understanding of the access point and path of travel so that Rosano can unambiguously access the garage at the back of the Rutt Road property.

Wagner also, in one sentence, contends that the damage to himself greatly outweighs any benefit obtained by Rosano as a result of this easement by implication. Wagner does not outline what damages he has incurred nor does he cite to anything of record to support his proposition. Wagner has failed to develop this issue, and as such, he has waived it. *See Johnson*, 985 A.2d at 924.

As we find none of Wagner's issues to have merit, we affirm.

- 14 -

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/3/19