J-S90017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| K.M.R-H. | IN THE SUPERIOR COURT OF |
| Appellant | PENNSYLVANIA |
| v. | |
| M.E.R. | |
| Appellee | No. 1771 EDA 2016 |

Appeal from the Order Entered May 2, 2016
In the Court of Common Pleas of Montgomery County
Domestic Relations at No(s): 2006-21976

BEFORE: OTT, J., SOLANO, J., and JENKINS, J.

MEMORANDUM BY SOLANO, J.:                    **FILED DECEMBER 16, 2016**

Appellant, K.M.R-H., appeals from the May 2, 2016 order finding her in contempt of the trial court's June 19, 2015 order, and directing her to pay $1,500, plus 6% per annum interest from August 19, 2015, until January 20, 2016, as well as $1,540 in counsel fees. We affirm.

The parties are the divorced parents of a minor child, and have engaged in ongoing litigation. On May 20, 2015, M.E.R., who is the child's father, filed an Emergency Petition for Immediate Relief and for Contempt to Enforce Court's Orders. The trial court held a hearing on June 12, 2015, and on June 19, 2015, granted M.E.R.'s petition. Specifically, the trial court found Appellant in contempt of three prior court orders, and directed Appellant to "resume therapy appointments with the child" and "continue with family and reunification therapy." The trial court also ordered Appellant

to "reimburse [M.E.R.] $1,5000.00 *[sic]* within sixty (60) days of the date of this Order due to [Appellant] taking the child as a tax exemption for calendar year 2013 in violation of the parties' June 26, 2008 Divorce Decree and June 10, 2008 Property Settlement Agreement." Trial Ct. Order, 6/19/15. The trial court subsequently noted, "the extra zero in the figure as stated in the June 19, 2015 order was a typographical error. [M.E.R.]'s counsel stated 'yes, we agree its $1,500.00 . . . no one has ever asserted it was anything other than $1,500.00.' N.T. 3-4." Trial Ct. Op., 8/5/16, at 2.

On December 2, 2015, M.E.R. filed another emergency petition in which he sought, among other things, to compel Appellant to reimburse him the $1,500 ordered by the trial court on June 19, 2015. The trial court held a hearing on April 21, 2016. In an order dated April 29, 2016, and docketed May 2, 2016, the trial court found Appellant in contempt of the June 19, 2015 order, and again directed her to pay M.E.R. $1,500, with 6% per annum interest from August 19, 2015, until January 20, 2016, as well as $1,540 in counsel fees. Appellant filed a *pro se* motion for reconsideration, but the trial court did not act on it and it therefore was deemed denied by operation of law. **See** Pa. R. Civ. P. 1930.2(b).

On May 27, 2016 Appellant, through counsel, filed a timely notice of appeal, and on June 21, 2016, she responded to the trial court's order directing her to file a Pa.R.A.P. 1925(b) statement. The Rule 1925(b) statement raised the following five issues:

1.  The Lower Court abused its discretion when it found Appellant in contempt of its June 19, 2015 Order after [M.E.R.] failed to demonstrate by a preponderance of the evidence that the alleged violation was volitional.

2.  The Lower Court abused its discretion when it found Appellant in contempt of its June 19, 2015 Order after [M.E.R.] failed to demonstrate, by a preponderance of the evidence, that Appellant acted with wrongful intent in making payments to [M.E.R.] to satisfy the June 19, 2015 Order.

3.  The Lower Court abused its discretion when it found that the June 19, 2015 Order was sufficiently definite, clear and specific, and left no doubt or uncertainty in the mind of the Appellant, so as to justify a finding of contempt thereof.

4.  The Lower Court abused its discretion when it found Appellant in contempt of an Order seeking to enforce an illegal provision of the parties' Property Settlement Agreement relating to the issue of income tax exemptions.

5.  The Lower Court abused its discretion when it ordered Appellant to pay counsel fees to [M.E.R.]'s counsel when [M.E.R.] failed to establish by a preponderance of the evidence that Appellant's conduct was obdurate, dilatory or vexatious.

Appellant's Concise Statement of Matters Complained of on Appeal, 6/21/16, at 1-2.

On appeal, Appellant presents the following four issues for our review:

1.  Is [Appellant] entitled to a reversal of the Trial Court's Order finding her in contempt of its June 19, 2015 Order when [M.E.R.] failed to provide any evidence demonstrating [Appellant] intended to violate the Trial Court's Order when she made payments to [M.E.R.], which [M.E.R.] accepted, and where the entire amount due and owing to [M.E.R.] was paid in full prior to the hearing?

2.  Is [Appellant] entitled to a reversal of the Trial Court's Order finding her in contempt of the June 19, 2015 [Order], when that Order contains the incorrect amount of the 2015 child tax credit, which [Appellant] was ordered to pay to [M.E.R.]?

3. Is [Appellant] entitled to a reversal of the Trial Court's Order finding her in contempt of the June 19, 2015 Order when the June 19th Order required [Appellant] to pay $1,5000.00 [sic] to [M.E.R.] when the child tax credit was only $1,000 in 2015, and where [M.E.R.] is not permitted under Federal Law to take the parties' minor child as a tax credit for 2015, despite the language in the parties' Property Settlement Agreement permitting [M.E.R.] to take the deduction in odd-numbered years, since [M.E.R.] did not have primary custody of the child at the time he was seeking to take the deduction?

4. Is [Appellant] entitled to a reversal of the Trial Court's Order requiring [her] to pay [M.E.R.]'s counsel fees, when [M.E.R.] failed to present evidence demonstrating that [Appellant's] acts of making payments to [M.E.R.] and relying on a prior agreement of the parties, which [Appellant] was waiting to be signed, were obdurate, dilatory or vexatious?

Appellant's Brief at 4-5.

Preliminarily, we note that Appellant's second and third issues, which pertain to the order that Appellant reimburse the amount of the child tax exemption, are waived. Appellant's second issue is not properly before us because Appellant failed to raise it in her Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Pa.R.A.P. 1925(b)(4)(vii) (issues not included in the Statement are waived); *see also Glynn v. Glynn*, 789 A.2d 242, 248–49 (Pa. Super. 2001) (*en banc*) (because appellant failed to raise the issue in his Statement of Matters Complained of on Appeal, he waived issue for purposes of appellate review). Moreover, Appellant's second and third issues both are not properly before us because, as M.E.R. observes, Appellant waived "any issue regarding the reimbursement of $1,500.00" because she did not appeal the June 19, 2015 order which originally provided for the reimbursement "due to [Appellant] taking the child as a tax

exemption for calendar year 2013 in violation of the parties' . . . Property Settlement Agreement." M.E.R.'s Brief at 10. The June 19, 2015 contempt order was final and appealable. *Glynn*, 789 A.2d at 246 (an order finding a party in contempt for failure to comply with a prior order of court is final and appealable if sanctions are imposed). Because Appellant failed to appeal at that time, she is bound by that order and cannot reopen that matter now.

With regard to Appellant's first issue, in which she claims that her actions fail to support a finding of contempt, "[o]ur scope and standard of review are familiar: 'In reviewing a trial court's finding on a contempt petition, we are limited to determining whether the trial court committed a clear abuse of discretion. This Court must place great reliance on the sound discretion of the trial judge when reviewing an order of contempt.'" *P.H.D. v. R.R.D.*, 56 A.3d 702, 706 (Pa. Super. 2012) (citations omitted), *appeal denied*, 97 A.3d 793 (Pa. 2014).

To sustain a finding of civil contempt, the complainant must prove by a preponderance of the evidence: "(1) that the contemnor had notice of the specific order or decree which [she] is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent." *Stahl v. Redcay*, 897 A.2d 478, 489 (Pa. Super. 2006), *appeal denied*, 918 A.2d 747 (Pa. 2007).

Appellant does not dispute that she had notice of the June 19, 2015 order. Rather, she maintains that her "actions in not paying the full amount of $1,500.00" were not "volitional or done with wrongful intent." Appellant's

Brief at 14. In support of her argument, Appellant references six separate $25.00 checks she remitted to M.E.R.,[1] and claims that although she had the funds to pay the full $1,500, she did not do so because she was waiting for the court to rule on her *pro se* motion for reconsideration. Appellant's Brief at 13. Appellant also asserts that the parties, through counsel, agreed in January of 2016 that her $1,500 payment to M.E.R. would be offset by funds owed from M.E.R. to Appellant for the child's unreimbursed medical expenses. *Id.* at 14.

In rejecting Appellant's argument and expressly finding her actions to be volitional and with wrongful intent, the trial court noted that it had given Appellant no authority to modify the terms of is June 19, 2015 order directing her payment of $1,500 within 60 days, and that her *pro se* status at that time did not absolve Appellant of responsibility for complying with the order as written. Trial Ct. Op., 8/5/16, at 6-9. *See also Wilkins v. Marsico*, 903 A.2d 1281, 1284–85 (Pa. Super. 2006), *appeal denied*, 918 A.2d 747 (Pa. 2007) (*pro se* status is not an excuse for failing to adhere to court rules and confers no special benefit). The trial court also determined that there was no evidence M.E.R. told Appellant she could pay him in $25.00 increments or delay full payment for more than 60 days, particularly

_____

[1] At the advice of counsel, M.E.R. did not cash the checks. N.T., 4/21/16, at 5-6, 67.

because any purported agreement in January of 2016 would have been "six months after she was required to pay [M.E.R.] the $1,500.00." Trial Ct. Op., 8/5/16, at 8.

Our review reveals no abuse of discretion by the court. M.E.R. testified he did not receive $1,500 by August 18, 2015, as required by the June 19, 2015 order, and that he never agreed to accept the $1,500 in $25 increments. N.T., 4/21/16, at 4, 6. M.E.R. also testified that he did not receive the $25 incremental payments until "several days after August 15th," and that the first check he received was dated August 15, 2015. *Id.* at 5, 9-10. The last $25 check was dated January 3, 2016. *Id.* at 6. M.E.R. stated:

> I realize there was an attempt at damage control [by Appellant], and to pay me what she should have done within the 60 days, and I did not accept that type of payment.

N.T., 4/21/16, at 23.

Appellant conceded that the June 19, 2015 order required her to pay M.E.R. $1,500 by August 18, 2015. N.T., 4/21/16, at 27, 54. She said that she remitted the $25 payments to M.E.R. as "good faith" while she waited for the court to decide her reconsideration motion. *Id.* at 28. In addition, she testified: "the fact that [M.E.R.] kept each check, and did not mail them back to me, he kept each payment, I took that as he was accepting the payments, and he never told me otherwise." *Id.* at 33, 59. When specifically asked to answer "yes or no" as to whether she paid M.E.R. $1,500 on or before the sixty day deadline, Appellant responded: "No,

because I filed reconsideration." *Id.* at 56. She also confirmed that her ability to pay "was never a factor." *Id.* at 57.

After hearing from the parties and their counsel, the court concluded that Appellant's arguments "as to why she did not comply with the order are not credible, nor reasonable, nor are they supported by the evidence of record at the April 21, 2016 hearing." Trial Ct. Op., 8/5/16, at 11. Based on our review, we find no abuse of discretion in the trial court's conclusion. Although Appellant may have thought it reasonable to forego paying the full $1,500 that the trial court ordered while she awaited a decision on her motion for reconsideration, and although she also might have thought it reasonable to make $25 installment payments in the interim, the fact remains that the order expressly directed payment of the full $1,500 within 60 days. Appellant knew what the order required; she simply decided to do something different because she apparently believed her own course of action was a better one than what the court directed. Appellant had no authority to make such a unilateral modification of the trial court's order, and she therefore may be charged with a deliberate violation of the order in taking such action.

In her fourth and final issue, Appellant contends that the trial court erred in awarding counsel fees even though she claims her actions were not obdurate, vexatious, or dilatory. Once again, Appellant supports her argument with the assertion that she was acting in good faith by making the $25 payments. She references the pendency of her motion for

reconsideration, and her January 2016 negotiations with M.E.R. regarding the child's unreimbursed medical expenses. Appellant's Brief at 19-20.

The trial court noted that it awarded counsel fees pursuant to 42 Pa.C.S. § 2503(7). Trial Ct. Op., 8/5/16, at 10. The statute states:

> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
>
> …
>
> (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

42 Pa.C.S. § 2503(7).

In addressing a trial court's award of counsel fees, our review of a trial court's order is limited solely to determining whether the trial court palpably abused its discretion in making the fee award. *Thunberg v. Strause*, 682 A.2d 295, 299 (Pa. 1996) (citing *In re Estate of Liscio*, 638 A.2d 1019, 1021 (Pa. Super. 1994), *appeal denied*, 652 A.2d 1324 (Pa. 1994)).

> It is within the sole province of the trial court to weigh the evidence presented and assess the credibility of the witnesses. *Palladino v. Palladino*, 713 A.2d 676, 678 (Pa. Super. 1998). On appeal, this Court will not disturb the trial court's assessment of either the husband's or the wife's credibility. *Brotzman–Smith v. Smith*, 437 Pa. Super. 509, 650 A.2d 471, 474 (1994).

*Sternlicht v. Sternlicht*, 822 A.2d 732, 742 n.8 (Pa. Super. 2003) (noting that if Section 2503(7) applied to request for counsel fees, the court would nonetheless have denied award), *affirmed*, 876 A.2d 904 (Pa. 2005); *accord In re Barnes Found.*, 74 A.3d 129, 135 (Pa. Super. 2013), *appeal*

*denied*, 80 A.3d 774 (Pa., Nov. 27, 2013), *cert. denied*, 134 S. Ct. 2301 (2014).

Here, the trial court found Appellant's conduct to be "not only obdurate, but dilatory and vexatious as well," explaining:

> [Appellant] had no justifiable reason for refusing to pay [M.E.R.] the $1,500.00 within sixty (60) days she owed him under the terms of the court's June 19, 2015 order. [Appellant] testified that she had the financial ability to do so. Furthermore the reasons [Appellant] presented to the court for her non-payment were not reasonable. Instead, [Appellant] chose to wait until the compliance date of the court's June 19, 2015 order had passed, then she proceeded to provide [M.E.R.] with six $25.00 checks on a sporadic basis. The evidence presented to the court at the April 21, 2016 hearing supports by a preponderance of the evidence the court's finding that [Appellant] acting in a dilatory, vexatious and obdurate manner with regard to the June 19, 2015 order.

Trial Ct. Op., 8/5/16, at 11.

As detailed above, our review of the record comports with the trial court's conclusions. We therefore find no error or abuse of discretion in the award of attorney's fees, and affirm the trial court's May 2, 2016 order.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2016